# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br><br>**SIVYER STEEL CORPORATION**<br><br>    Debtor and Debtor in Possession.<br><br>225 S. 33RD St.<br>Bettendorf, IA  52722<br><br>EIN: 39-0617810 | Case No. 18-00507-11<br><br>Chapter 11<br><br>Hon.<br><br>*FIRST DAY MOTION*<br><br>**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (II) DEEMING UTILITY COMPANIES ADEQUATELY ASSURED; AND (III) ESTABLISHIING PROCEDURES FOR DETERMINING SAME PURSUANT TO section 366 OF THE BANKRUPTCY CODE**<br><br>No Hearing Set |

Sivyer Steel Corporation (the "Debtor" or "Sivyer"), Debtor and Debtor-in-Possession herein, by and through its proposed General Reorganization Counsel, Jeffrey D. Goetz, Esq. of the law firm Bradshaw, Fowler, Proctor & Fairgrave, P.C., and pursuant to Bankruptcy Code Section 366,[1] moves this Honorable Court for entry of interim and final Orders (i) prohibiting Debtor's utility providers (as set forth on Exhibit "A") (the "Utility Companies") from altering, refusing, or discontinuing service; (ii) deeming the Utility Companies adequately assured of payment for future utility services; and (iii)  establishing procedures for determining same pursuant to 11 U.S.C. § 366 (the "Motion").

---

[1] Unless otherwise stated, statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. § 101, *et. seq*.

This Motion is based, in part, on the Declaration of Keith Kramer, President of Sivyer, in support of First-Day Motions and Applications filed contemporaneously herewith. In support of this Motion, Debtor would show the Court as follows:

### I. **JURISDICTION AND STATUTORY PREDICATE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this case and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is Bankruptcy Code sections 105(a) and 366.

### II. **BACKGROUND**

3. On March 14, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. Debtor continues in possession of its properties and the management of its businesses as a Debtor-in-Possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. In the ordinary conduct of its business, Debtor uses natural gas, water, electricity, and other services provided the Utility Companies. Set forth on Exhibit "A" hereto is a list of Utility Companies that provide services to the Debtor. Each of these utility services is vital to the continued functioning of Debtor's operations.

6. Bankruptcy Code section 366 governs the rights and obligations of utility companies as providers of services to debtors in possession. Pursuant to Bankruptcy Code section 366(a), the Utility Companies may not alter, refuse, or discontinue service to, or discriminate against Debtor solely on the basis of the commencement of its Chapter 11 case or the existence of pre-petition debts owed. However, the Utility Companies may discontinue service if Debtor does not provide satisfactory adequate assurance of future performance of its

post-petition obligations to the Utility Companies within thirty (30) days from the Petition Date. 11 U.S.C. § 366(c) (2016).

7. Debtor's average monthly utility usage varies by location, but in the aggregate, totals approximately $225,000 per month. Debtor proposes a cash deposit in an amount not to exceed $225,000 for the benefit of the Utility Companies, collectively, to be drawn upon as necessary, as adequate assurance of payment to the Utility Companies.

8. Prior to the Petition Date, the Debtor has maintained satisfactory payment histories with all of the Utility Companies. Assuming the Court approves Debtor's request for interim and final use of cash collateral, Debtor will have adequate funding available to assure payment to all utilities for post-petition services on a timely basis.

9. Debtor has, and will continue to have, sufficient funds to make timely payments for all post-petition utility services from operations.

10. Bankruptcy Code section 366(c)(3)(A) provides that on request of a party and after notice and a hearing, the court may modify the amount of adequate assurance provided by the Debtor.

11. Debtor therefore requests entry of interim and final Orders (i) prohibiting the Utility Companies from altering, refusing, or discontinuing service; (ii) deeming the Utility Companies adequately assured of payment for future utility services; and (iii) establishing procedures for determining same during the thirty (30) days following the Petition Date. Debtor further requests entry of a final Order after expiration of the thirty (30)-day period determining that the Utility Companies are adequately protected.

### III. **BRIEF IN SUPPORT**

12. Bankruptcy Code section 366(c) provides,

> For purposes of this subsection, the term "assurance of payment" means…a cash deposit…
>
> Subject to paragraphs (3) and (4), with respect to a case filed under Chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility.
>
> On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

11 U.S.C. § 366(c) (2018) (internal numbering omitted).

13. Because uninterrupted utility service is vital to the continued operation of Debtor's businesses and, consequently, the success of this Chapter 11 case, the relief requested herein is necessary and in the best interests of Debtor's estate and creditors.

14. Debtor's proposed adequate assurance of payment for post-petition utility services meets the requirement under Bankruptcy Code section 366(c), as Debtor proposes a cash deposit in an amount not to exceed $225,000 for the benefit of the Utility Companies in the aggregate to assure future payments. In addition, Debtor's proposal is in keeping with the spirit and intent of Bankruptcy Code section 366, and is not prejudicial to the rights of any Utility Company.

15. Similar relief to that requested herein has been routinely granted by bankruptcy courts nationwide. In re Countryside Inv. Co., No. 88-554-C, 1988 WL 1571631 (Bankr. S.D. Iowa Apr. 15, 1988); Lanford v. Northwestern Bell Telephone Co. (In re Lanford), 10 B.R. 129, 131 (Bakr. D. Minn. 1981). The same result is warranted here.

16.

## IV.  **PRIOR MOTION**

17. No prior request for the relief requested herein has been made to this or any other Court.

## V.  **CONCLUSION**

WHEREFORE, Debtor respectfully requests that this Court enter interim and final Orders (i) prohibiting the Utility Companies from altering, refusing, or discontinuing service; (ii) deeming the Utility Companies adequately assured of payment for future utility services; (iii) establishing procedures for determining same during the thirty (30) days following the Petition Date; and (iv) granting all other such relief this Court deems equitable and just under the circumstances.

Dated:  March 14, 2018                                  Respectfully submitted,

*/s/     Jeffrey D. Goetz*
Jeffrey D. Goetz, Esq, IS #9999366
Bradshaw Fowler Proctor & Fairgrave, PC
801 Grand, Suite 3700
Des Moines, IA  50309-8004
515/ 243-4191
515/ 246-5808 fax
goetz.jeffrey@bradshawlaw.com

Proposed General Reorganization Counsel for
Sivyer Steel Corporation, Debtor and Debtor in
Possession

## **CERTIFICATE OF SERVICE**

This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/     Barbara Warner*

## EXHIBIT "A"

## Utility Providers

Iowa-American Water

Mediacom

MidAmerican Energy Company

Constellation Energy