# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-00507-als11 |
| | ) | |
| **SIVYER STEEL CORPORATION.** | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Hon. Anita L. Shodeen |
| | ) | |
| 225 S. 33rd St. | ) | **DEBTOR'S APPLICATION TO** |
| Bettendorf, IA  52722 | ) | **EMPLOY GENERAL** |
| | ) | **REORGANIZATION COUNSEL** |
| EIN:  39-0617810 | ) | |
| | ) | No Hearing Set |

Sivyer Steel Corporation ("Sivyer" or the "Debtor"), Debtor and Debtor in Possession herein, respectfully represents:

1. On March 14, 2018 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code (Docket Item 1).

2. Debtor wishes to retain Jeffrey D. Goetz, Esq., and the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. (the "Firm") as its General Reorganization Counsel in the Chapter 11 bankruptcy case at the expense of the estate.

3. The Firm is comprised, in part, of attorneys who practice in insolvency and reorganization bankruptcy law, and is qualified to represent the Debtor in proceedings of this nature.  It is anticipated that Mr. Goetz will be Lead Counsel and will primarily provide legal services to the Debtor.  All of the attorneys who will appear in this case are duly admitted to practice law in the courts of the State of Iowa and in the United States District Court for the Southern District of Iowa.  Jeffrey D. Goetz is Board-Certified in Business Bankruptcy Law by the American Board of Certification.

4. The Firm will render services to the Debtor at the Firm's regular hourly rates. The Firm understands that its compensation is subject to approval of this Court and intends to apply in conformity with Bankruptcy Code sections 330 and 331 for compensation and reimbursement for fees incurred and costs advanced.

5. The Debtor requires the services of the Firm to render the following types of professional services:

    (a) To advise and assist the Debtor with respect to compliance with the requirements of the United States Trustee;

    (b) To advise the Debtor regarding matters of Bankruptcy Law, including the rights and remedies of the Debtor with regard to his assets and with respect to the claims of creditors;

    (c) To represent the Debtor in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where the Debtor's rights under the Bankruptcy Code may be litigated or affected;

    (d) To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this Chapter 11 case;

    (e) To advise the Debtor concerning the requirements of the Bankruptcy Code and applicable rules as the same affect the Debtor in this proceeding;

    (f) To assist the Debtor in the negotiation, formulation, confirmation, and implementation of a Chapter 11 Plan;

    (g) To make any court appearances on behalf of the Debtor; and

    (h) To take such other action and perform such other services as the Debtor may require of the firm in connection with the Chapter 11 case.

6. The Firm has a long-standing relationship and engagement with EMC Insurance/IA, EMC Insurance Companies, Caterpillar Inc., and Caterpillar Financial Services Corp. Based on these relationships, the Firm has decided that it cannot, and will not, provide any

advice, counsel or representation to the Debtor in any matters directly or indirectly relating to, involving or concerning EMC Insurance/IA, EMC Insurance Companies, Caterpillar Inc., or Caterpillar Financial Services Corp. To that end, the Debtor is filing an application with the Court seeking authority to retain Lisa A. Epps, Esq. and the law firm of Spencer Fane LLP to act as the Debtor's Special Conflicts Counsel, specifically with regard to any advice, counsel or representation that the Debtor may need or require in connection with its relationships and business with EMC Insurance/IA, EMC Insurance Companies, Caterpillar Inc., or Caterpillar Financial Services Corp.

7. The Firm (including the attorneys comprising or employed by it) does not have any connection with the Debtor, its accountants, creditors (other than those disclosed in paragraph 6 above), or any other party in interest, the U.S. Trustee or any person employed by the U.S. Trustee.

8. Based on the above representations, the Firm asserts and believes that it does not have any interest adverse to the Debtor or its estate as that term is used in Bankruptcy Code section 327(a). The Firm also believes that it is a disinterested person as that term is defined in Bankruptcy Code Section 101(14).

9. The Debtor and the Firm have entered into a Chapter 11 legal services agreement dated March 7, 2018 and an amended legal services agreement dated March 13, 2018 (collectively referred to herein as the "Legal Services Agreement"), a copy of which is attached hereto as Exhibit "A".

10. The Firm received $75,000.00 on March 9, 2018, as a retainer to guaranty payment of its services in the Chapter 11 case. The Debtor and the Firm agreed that the Firm has earned $26,998.50 prior to the Petition date, and expended $1,742.00 in costs prior to the Petition

date. There remains $46,259.50 in the Firm's Client Trust Account, to be applied to post-petition attorney fees and costs incurred, after application to and upon approval by the Bankruptcy Court.

11. At the conclusion of this case, the Firm will file an appropriate final application seeking allowance of all fees and costs, regardless of whether interim compensation has been paid. Upon allowance of such fees and costs, the Debtor will pay the Firm the difference between the amount finally allowed and any interim compensation paid.

12. The Debtor and the Firm understand and agree that the proposed compensation agreement is subject to Bankruptcy Code section 328 which authorizes this Court to allow compensation different from what is here provided, if the fee arrangement appears, in retrospect, to have been improvident in light of developments unanticipated at the outset. The Firm understands and agrees that if aggregate interim payments exceed the amount which is ultimately allowed, the Firm will be required to, and will promptly repay the difference to the estate.

13. The Firm requests that this Court enter an order modifying the time limitations of Bankruptcy Code section 331 and permit the submission of interim fee applications on a 60-day basis rather than on the 120-day basis prescribed by that section.

14. The Firm has not shared, or agreed to share, any compensation as may be awarded by the Court, except as among members of the Firm, except as disclosed herein.

WHEREFORE, the Debtor prays that it be authorized, pursuant to Bankruptcy Code section 327 and Rule 2014(a) of the Bankruptcy Rules, and the terms of the Legal Services Agreement, to employ Jeffrey D. Goetz, Esq. and the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. as its General Reorganization Counsel, with the compensation to be at the expense of the estate in such amounts as the Court may hereafter allow in accordance with the law; that Bradshaw, Fowler, Proctor & Fairgrave, P.C. be permitted to submit interim fee

applications every 60 days; and for such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: 3/14/2018	/s/Keith Kramer
	Keith Kramer, President
	Sivyer Steel Corporation
	Debtor and Debtor in Possession

I declare under penalty of perjury under the laws of the United States and the laws of the State of Iowa that I have reviewed the attached Application and to the best of my knowledge and information, I believe the statements therein to be true and correct.

Dated: March 14, 2018

	/s/     Jeffrey D. Goetz
	Jeffrey D. Goetz, Esq., IS #9999366
	Bradshaw Fowler Proctor & Fairgrave P.C.
	801 Grand Avenue, Suite 3700
	Des Moines, IA  50309-8004
	515/246-5817
	515/246-5808 FAX
	goetz.jeffrey@bradshawlaw.com

CERTIFICATE OF SERVICE:  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

/s/     Barbara Warner



ATTORNEYS AT LAW

**WRITER'S INFORMATION**
**JEFFREY D. GOETZ**
ATTORNEY AT LAW

DIRECT (515) 246-5817
goetz.jeffrey@bradshawlaw.com

March 14, 2018

Mr. Keith Kramer, President
Sivyer Steel Corporation
225 33rd St.
Bettendorf, IA  52722

Re:    Amended Legal Services Agreement – Chapter 11

Dear Mr. Kramer:

    We are pleased to confirm our availability to provide legal representation to Sivyer Steel Corporation ("Sivyer") under Chapter 11 in the U.S. Bankruptcy Court for the Southern District of Iowa. I will serve as your primary contact with our firm, although I may obtain the assistance of other attorneys and paralegals in our firm in connection with this representation.

    The purpose of this letter is to establish our agreement with regard to the nature and scope of our retention and to provide you with a summary of the obligations in connection with our retention. Accordingly, we submit for your approval the following provisions governing our engagement. If you are in agreement, please sign the enclosed copy of this letter in the space provided below. If you have any questions about these provisions, or if you would like to discuss possible modifications, do not hesitate to call. Again, we are pleased to have the opportunity to serve Sivyer.

## SCOPE OF REPRESENTATION

    With your assistance, we shall prepare and file with the bankruptcy court all necessary and appropriate documents required by applicable law in connection with the initiation and operation of a Chapter 11 bankruptcy reorganization case for a business reorganization. Our retention includes representation of Sivyer's interests as required under applicable bankruptcy law and rules. We will appear at all hearings where the attorney for the debtor is required to appear, and we will keep you advised as to all events that take place, or that we anticipate taking place in the bankruptcy court with regard to the pendency of the Chapter 11 case.

### Identification of Client

    For all purposes of this bankruptcy case, and otherwise, Sivyer Steel Corporation

801 GRAND AVENUE, SUITE 3700  •  DES MOINES, IOWA 50309-8004
PHONE (515) 243-4191  •  FAX (515) 246-5808
www.bradshawlaw.com

Sivyer Steel Corporation
March 14, 2018
Page 2

shall be the client. All duties and responsibilities created and imposed by this agreement shall be owed to Sivyer and not to any officer, agent, partnership, other corporation, trustee, employee or third party as individuals, unless expressly otherwise agreed, and then only after full and accurate disclosure to the court and other necessary parties. The parties to this agreement will immediately disclose any contemplated relationship to the United States Bankruptcy Court, the United States Trustee, all parties in interest, and all other parties entitled to receive notice.

You have authorized and empowered Jeffrey D. Goetz, Esq., Krystal R. Mikkilineni, and the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. (the "Firm") to handle Sivyer's Chapter 11 bankruptcy case in the United States Bankruptcy Court, using such legal means as are available under the Bankruptcy Rules and the United States Bankruptcy Code, and other applicable statutes and case authorities.

The parties agree that this agreement does not contemplate extraordinary legal services outside the ordinary course of a Chapter 11 bankruptcy case and that such matters are subject to the provisions of a separate fee agreement.

### Uncertain Outcome

We have discussed with you various legal and factual considerations involved in our representing Sivyer in this Chapter 11 case. It is our goal to assist you with reorganizing the financial affairs of Sivyer and to file and have approved a disclosure statement in connection with an operating plan of reorganization. It is our further goal that such plan of reorganization be approved by the requisite number of creditors and by the bankruptcy court, and that the plan of reorganization, so approved, be fully consummated. However, we cannot provide any guaranty of the results that may eventually occur. Furthermore, because of the various uncertainties involved in Chapter 11 proceedings, we cannot guarantee any maximum fee that may be incurred by our firm as a result of our representation of Sivyer in the Chapter 11 case. We have discussed with you the various uncertainties related to Chapter 11 proceedings and you have acknowledged your undertaking of the existence of those uncertainties.

## FEES AND EXPENSES

### General

As we have also discussed, the Bankruptcy Code allows the attorney for the debtor to take a retainer prior to the filing of the case but does not allow the debtor's attorney to be paid again until the expiration of the initial either 60 or 120-day period after the case is filed. Accordingly, it is necessary for us to obtain a $75,000 retainer that we believe is appropriate under the circumstances.

The retainer will be held in trust by the Firm and is billed against during the course of the case. Billings are made on a monthly basis based upon our regular hourly rates for attorneys

Sivyer Steel Corporation
March 14, 2018
Page 3

performing the services. Jeffrey D. Goetz's current hourly rate is $375, and Krystal R. Mikkilineni's hourly rate is $190. Although I will be the partner in charge of the case, we will delegate those matters which can be properly handled by associates and paralegals. We make decisions about delegation based upon the level of skill required for the task, and in order to ensure the most efficient and cost effective representation of Sivyer's interests. Paralegals' rates are generally from $90 to $110 per hour and associates' rates are generally from $125 to $250 per hour. All expenses which we incur in the representation Sivyer's interests in the Chapter 11 will be charged against the retainer as well. These would include, but would not be limited to, any postage or copying charges for any large or out-of-the-ordinary mailings, delivery charges when hand deliveries are necessary, and/or Federal Express charges when overnight delivery is necessary in order to expedite the handling of the case, long-distance telephone charges, mileage for any out-of-town travel, and any and all necessary and related expenses.

All attorneys' fees and expenses must be approved by the bankruptcy court based upon fee applications which we will file periodically. Those applications contain a complete description of all the services performed and the time spent performing the same. All items are itemized in the fee application. Once the retainer has been used, we would seek authority under the Bankruptcy Code for payment of additional retainers and/or fees as are necessary to fully compensate our firm for its services in the Chapter 11 case.

The parties agree that the Firm may, in its discretion, increase the scheduled hourly rates and costs of reimbursable expenses as necessary during the course of the engagement, subject to bankruptcy approval. Additionally, in the event that the Firm increases its rates or the costs of its reimbursable expenses to its other commercial clients, the higher rates shall be deemed substituted for the initial rates described in this agreement, subject to bankruptcy court approval.

The parties agree that the retainer/case advance is deemed a trust fund, to be deposited in our unsegregated trust account, and you will not receive the benefit of interest earned in that account. Any interest earned on deposits in this unsegregated account will be paid, as required by law, to the State Bar of Iowa to fund legal services for indigent persons. If either you or the Firm notifies the other in writing of its decision to terminate this representation, the balance of the retainer/case advance may be applied to all accrued but unpaid fees and expenses for the period before the effective date of termination, with the same type of accounting to the client and judicial review as provided for herein. The balance of the retainer/case advance, if any, will be promptly returned to you, the debtors-in-possession, or the trustee, as appropriate.

### **Arbitration**

If you disagree with the amount of our fee, please take up the question with us as soon as possible. Typically, such disagreements are resolved to the satisfaction of both sides with little inconvenience or formality. In the event of a fee dispute which is not readily resolved, you have the right to request arbitration under supervision of the state or district bar associations for the jurisdictions in which we practice, and we agree to participate fully in that process.

Sivyer Steel Corporation
March 14, 2018
Page 4

While we hope that it will never become necessary, in the event of litigation before any court or tribunal concerning the amount of attorneys' fees and/or costs billed or the terms of this agreement, the prevailing party shall be entitled to reasonable costs and attorneys' fees incurred in such litigation. Should the Firm represent itself in such litigation, the Firm shall be entitled to recover reasonable fees for the time spent on the litigation based on the standard hourly billing rate(s) of the attorneys involved. The Firm will be considered the prevailing party if it recovers any amount, by judgment, arbitration, stipulation or otherwise, in excess of your last written offer of settlement.

**DISCLOSURE OF CONFLICTS**

Iowa and Bankruptcy law require us to disclose any potential conflicts of interest that may arise as a result of the proposed representation, and to seek a written waiver of such conflicts, as appropriate. You have asked that the firm undertake representation of Sivyer.

We have a long-standing relationship and engagement with EMC Insurance/IA, EMC Insurance Companies, Caterpillar Inc., and Caterpillar Financial Services Corp. Based on these relationships, we have decided that we cannot, and will not, provide any advice, counsel or representation to you in any matters directly or indirectly relating to, involving or concerning EMC Insurance/IA, EMC Insurance Companies, Caterpillar Inc., or Caterpillar Financial Services Corp. To that end, we will file an application with the Court seeking authority to retain Lisa A. Epps, Esq. and the law firm of Spencer Fane LLP to act as your Special Conflicts Counsel, specifically with regard to any advice, counsel or representation that you may need or require in connection with your relationships and business with EMC Insurance/IA, EMC Insurance Companies, Caterpillar Inc., or Caterpillar Financial Services Corp.

To the best of our knowledge, we do not represent any other creditors of Sivyer. We do have relationships with parties who also have relationships with parties who may have relationships with Sivyer. We do not believe these relationships present any conflict which needs to be waived.

**DUTIES OF CLIENT**

You have agreed to cooperate fully in providing all documentation and information which we may request in the course of our representation of Sivyer's interests in the Chapter 11 case. You agree to timely execute all necessary and appropriate documentation that may be required in the course of our representation and to meet with us upon our reasonable request. You are expected to be available to appear, in person, at all required depositions, examinations, conferences, hearings and meetings. Shortly after the case is filed, there will be an organizational meeting with a representative of the United States Trustee, and soon after that there will be a first meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code. As President of Sivyer, you will be required to attend both of these meetings with us. Attached to

Sivyer Steel Corporation
March 14, 2018
Page 5

this Agreement, for your reference and review, is a detailed explanation of most but not all of the duties of a debtor in possession in a Chapter 11 case.

## DOCUMENT RETENTION

During the course of our relationship, we will accumulate materials related to our representation of Sivyer's interests (e.g. notes, research materials, and materials we have received from you, sent to you or received from third parties.) Some of these materials will constitute attorney/client privileged communications or attorney-work product and will be kept confidential in accordance with applicable rules of professional conduct. From time to time, we purge the files of duplicative or out-dated materials, copies of materials that may be obtained from other sources, interim drafts of documents and other documents.

Some materials related to our representation of Sivyer's interests (e.g. administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, correspondence and internal lawyer's work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by us or for the internal use of lawyers) belong to us and will be handled in accordance with our document retention policy. Other materials (e.g. documents provided to us by you and the final version of the documents that you retain us to create) are considered client files and belong to Sivyer. If, at your request, we retain Sivyer's files beyond the firm's document retention period, such long-term storage will be at Sivyer's cost. If no such request is received, we reserve the right to destroy or otherwise dispose of Sivyer's files after the end of the firm's document retention period.

## INTERNET CORRESPONDENCE

Our attorneys routinely send and receive information by e-mail over the Internet. If communicating in this fashion would be convenient, you may reach any of our attorneys by addressing e-mail to them by their last name followed a period and their first name at bradshawlaw.com (i.e. goetz.jeffrey@bradshawlaw.com). Because of the nature of the Internet, the security and privacy of Internet e-mail may not be assured. Accordingly, if you would prefer that we not communicate with you via e-mail, please inform us.

## TERMINATION

Either party may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Sivyer's interests in the above matter (and, if you so request, we will suggest a possible successor counsel and provide them with whatever papers you have provided to us). If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree to engage successor counsel to represent Sivyer.

BRADSHAWFOWLERPROCTOR&FAIRGRAVE, P.C.

Sivyer Steel Corporation
March 14, 2018
Page 6

If termination occurs, papers and property of Sivyer will be returned to you promptly. Our own files pertaining to the case will be retained by us. Termination of our services will not affect your responsibility for payment for legal services rendered and out-of-pocket costs incurred before termination and in connection with an orderly transition of the matter.

## **CLOSING**

We trust that this agreement is not unduly complicated. From our experience, legal matters are complicated by nature. The purpose of this agreement is to set forth the essential terms and conditions of employment in writing, so that all parties have a full understanding. If the foregoing is an accurate statement of our agreement, please indicate in the appropriate place below and return this letter.

Very truly yours,

Jeffrey D. Goetz
For the Firm

JDG/bgw

Enclosure


I acknowledge and consent with the terms of this Agreement.

Dated:_____                 _____
                                         Sivyer Steel Corporation
                                         By: Keith Kramer, President