# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | Case No.: |
| ) | |
| **SIVYER STEEL CORPORATION** ) | Chapter 11 |
| ) | |
| Debtor and Debtor in Possession ) | Hon. |
| ) | |
| 225 South 33rd Street ) | **DEBTOR'S APPLICATION TO** |
| Bettendorf, IA  52722 ) | **EMPLOY LISA A. EPPS, ESQ. AND** |
| ) | **SPENCER FANE LLP AS SPECIAL** |
| EIN:  39-0617810 ) | **CONFLICTS COUNSEL TO THE** |
| ) | **DEBTOR** |
| ) | |
| _____ ) | No Hearing Set |

Sivyer Steel Corporation ("Debtor" or "Sivyer"), Debtor and Debtor-in-Possession in the above-captioned case, by and through its proposed General Reorganization Counsel, Jeffrey D. Goetz, Esq., of the law firm Bradshaw, Fowler, Proctor & Fairgrave, P.C., submits this application ("Application") to the Court for the entry of an order authorizing the employment and retention of Lisa A. Epps, Esq. and Spencer Fane LLP, ("Spencer Fane"), as its Special Conflicts Counsel to Debtor, pursuant to Bankruptcy Code Section 327 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").  In support of the Application, Debtor submits the declaration of Lisa A. Epps ("Epps Declaration"), attached hereto as Exhibit "A" and incorporated by reference herein, and represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(B)(2).  The venue of the Debtor's Chapter 11 case and this Application is proper pursuant to 28 U.S.C. sections 1408 and

1

1409. The statutory predicates for the relief requested herein are Bankruptcy Code section 327 and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

2. Pursuant to the Resolution of the Board of Directors of Sivyer, Debtor has authorized the retention of Spencer Fane as Special Conflicts Counsel to Debtor.

## RELIEF REQUESTED

3. Debtor requests that Spencer Fane serve as Special Conflicts Counsel. The focus of Spencer Fane will be to assist Debtor, to the extent Bradshaw, Fowler, Proctor & Fairgrave, P.C. ("Bradshaw") has a conflict of interest. Debtor will employ Spencer Fane as separate "conflicts" counsel for that purpose. After a diligent search of its electronic client database for its connections to known creditors of Debtor, Bradshaw, to the best of Bradshaw's knowledge, information, and belief, has a conflict of interest, due to an existing attorney-client relationship, or anticipates receiving future requests for representation of the following creditors of Debtor: Caterpillar Inc., Caterpillar Financial Services Corp., EMC Insurance/IA, and EMC Insurance Companies (the "Conflicts Creditors").

4. Spencer Fane will coordinate with Debtor and Bradshaw to avoid any duplication of services. Spencer Fane will defer to Bradshaw as General Reorganization Counsel on all such points and, if the Court determines that any such services are duplicative, Spencer Fane recognizes that it will not be entitled to compensation therefor.

## QUALIFICATIONS

5. Debtor selected Spencer Fane to serve as its Special Conflicts Counsel, because its partners and associates have considerable expertise in the fields of bankruptcy, insolvency, reorganizations, liquidations, debtors and creditors rights, debt restructuring and corporate

2

reorganizations, commercial litigation, and business transactions. Debtor believes that Spencer Fane is qualified to represent it in this Chapter 11 case.

6. Lisa A. Epps, Esq. will be primarily responsible for Spencer Fane's Special Conflicts Counsel representation of Debtor in this matter.

7. Ms. Epps is a partner at Spencer Fane and for over 20 years has concentrated in bankruptcy, debtors and creditors rights, and restructuring business law. Ms. Epps has counseled large and small corporations, debtors, creditors, equity holders, landlords and tenants, trustees, and investors and purchasers in Chapter 7, 9, 11, 12 and 13 bankruptcy proceedings. She has also conducted out-of-court workouts and restructurings. Ms. Epps received her J.D. from the University of Kansas School of Law and B.A. from The American University.

8. Spencer Fane is willing to represent and act on behalf of Debtor and render the necessary professional services as special reorganization and conflicts counsel to Debtor.

## **DISINTERESTEDNESS OF PROFESSIONALS**

9. To the best of Debtor's knowledge, information and belief, and except as set forth in the Epps Declaration, Debtor believes that Spencer Fane does not hold or represent any interest adverse to Debtor or its estate, and that Spencer Fane is a "disinterested person" as defined in 11 U.S.C. § 101(14). *See* Exhibit "A"—Epps Declaration.

10. Debtor has a significant number of creditors, and Spencer Fane, as stated in the supporting Epps Declaration, has no conflicts related to Debtor or the Conflicts Creditors. Due to the size of this case, it would be difficult for Debtor to find available counsel, other than Spencer Fane, with unique experience in representing debtors in Chapter 11 cases and the staffing and other resources necessary to serve as special conflicts counsel, who does not have similar creditor and party-in-interest connections to that of Spencer Fane. Debtor's estate will

3

benefit from Spencer Fane's unique experience in this area. Should any actual conflict arise between Spencer Fane and any creditor or other interested party in the bankruptcy proceeding, Spencer Fane will immediately notify Bradshaw, whose Application for Employment is filed contemporaneously herewith.

## **PROFESSIONAL FEES AND EXPENSES**

11. Subject to this Court's approval after application, notice, and a hearing pursuant to Bankruptcy Code section 330 and Bankruptcy Rule 2016, Spencer Fane will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for services of this type and nature and for this type of matter in effect on the date such services are rendered and for its actual, reasonable and necessary out-of-pocket disbursements incurred in connection therewith. The hourly rates charged by the attorneys and paralegals anticipated to work on the captioned case range from $225 per hour for paralegals to $550 for senior partners. These hourly rates are subject to periodic adjustment to reflect economic and other conditions and to reflect increased experience and expertise of such individuals in this area of law.

12. Spencer Fane has not received any pre-petition retainer, and requests a $5,000 post-petition retainer for assisting the Debtor as Special Conflicts Counsel in this Chapter 11 case.

13. Spencer Fane intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Bankruptcy Rules and Orders of this Court. Compensation will be payable to Spencer Fane in compliance with the above rules and orders, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Spencer Fane.

14. Debtor believes that the retention of Spencer Fane is in the best interest of Debtor, its estate, creditors, and equity security holders.

15. No prior application has been made for the relief requested herein to this or any other Court.

## **CONCLUSION**

Debtor respectfully requests that this Court enter an order (i) granting this Application; (ii) authorizing Debtor to employ and retain Spencer Fane as Special Conflicts Counsel, (iii) granting the post-petition retainer of $5,000.00 and, (iv) granting such other, further and different relief as is just and proper.

DATED: March 14, 2018.

/s/      *Jeffrey D. Goetz*
Jeffrey D. Goetz, Esq., IS #9999366
Bradshaw Fowler Proctor & Fairgrave P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com

Proposed General Reorganization Counsel
for Sivyer Steel Corporation,
Debtor and Debtor in Possession

CERTIFICATE OF SERVICE:  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

/s/     *Barbara Warner*

# **DECLARATION**

Lisa A. Epps, Esq., being duly sworn under oath, states:

1. I am a partner in the firm of Spencer Fane LLP, having an office at 1000 Walnut, Suite 1400, Kansas City, MO 64106 ("Spencer Fane"). I am admitted to practice in the state courts of Missouri and Kansas and the United States District Courts for Missouri and Kansas.

2. I am authorized to make this Declaration on Spencer Fane's behalf. This Declaration is submitted pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and in support of the Debtor's Application to Employ Spencer Fane LLP as Special Conflicts Counsel ("Application"), filed by Sivyer Steel Corporation ("Debtor"). The Application requests that Spencer Fane be employed as special conflicts counsel to Debtor.

3. After a diligent search, to the best of Spencer Fane's knowledge, information, and belief, Spencer Fane believes that it is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, in that Spencer Fane, its partners, of counsel, and associates:

    a. Are not creditors, equity security holders or insiders of Debtor; and

    b. Are not and were not, within two (2) years before the date of commencement of Debtor's Chapter 11 case, directors, officers, or employees of Debtor.

4. Debtor seeks to retain Spencer Fane to represent it as special conflicts counsel in its restructuring efforts, under the supervision of Bradshaw, Fowler, Proctor & Fairgrave, P.C. ("Bradshaw"), the general reorganization counsel to Debtor, in this Chapter 11 case. Spencer

1

Fane has extensive expertise and knowledge in the field of debtors and creditors rights and business reorganizations under Chapter 11 of the Bankruptcy Code and, in particular, with the business and legal issues associated with manufacturing and retail bankruptcies and operations. Spencer Fane is both well-qualified and able to represent Debtor in this Chapter 11 case in an efficient and timely manner.

5.    Spencer Fane has searched its electronic client database for its connection to Caterpillar Inc., Caterpillar Financial Services Corp., EMC Insurance/IA, and EMC Insurance Companies (the "Conflicts Creditors").  After a diligent search of the potential connections between Spencer Fane and the Conflicts Creditors, Spencer Fane finds none that constitute an adverse interest or call into question Spencer Fane's disinterestedness.

6.    While Spencer Fane's search of its conflicts database has been diligent, it is possible that there are other entities which Spencer Fane may have represented but whose names have not yet been provided to Spencer Fane.  In addition, certain creditor and party-in-interest information may have changed without Spencer Fane's knowledge and may change during the pendency of this Chapter 11 case.  Spencer Fane will, on an ongoing basis, review its files during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Spencer Fane will use reasonable efforts to identify such further developments and will promptly file a supplemental Declaration as Bankruptcy Rule 2014(a) requires.

7.    Upon information and belief, Debtor is filing an application to employ Bradshaw to serve as general reorganization counsel to advise and to assist Debtor and, if necessary, to handle any matter that presents an actual conflict of interest for Spencer Fane.

8. Subject to the Bankruptcy Court's approval under section 330(a) of the Bankruptcy Code, compensation will be payable to Spencer Fane at its normal hourly billing rates, plus reimbursement of actual, necessary expenses and other charges incurred by Spencer Fane, from funds of the bankruptcy estate. The current billing rate of the Spencer Fane attorney expected to assist in representation of Debtor is as follows: Lisa A. Epps, Esq. - $455 per hour. In addition, Spencer Fane may engage the services of one or more legal assistants as the need arises, whose rates presently range from $225 to $455 per hour. These hourly rates are subject to periodic adjustments, which customarily occur at the beginning of each calendar year.

9. Spencer Fane's hourly rates are set at a level designated to fairly compensate Spencer Fane for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Spencer Fane's policy to charge its clients in all areas of practice for all expenses incurred in connection with the client's case. The expenses charged to clients may include, without limitation, photocopying, travel expenses, filing and recording fees, computerized legal research charges and other computer services, and telecopier charges.

10. Spencer Fane has received a $5,000.00 retainer in connection with this case.

11. Spencer Fane has no agreement with any other entity to share with such entity any compensation received by Spencer Fane in connection with this Chapter 11 case. Spencer Fane further states, pursuant to Bankruptcy Rule 2016(b), that it has not shared, nor agreed to share:

    a. Any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Spencer Fane, or

    b. Any compensation another person or party has received or may receive.

3

4

      12.      To the best of my knowledge, the standard for the appointment of counsel for Debtor has been met in this instance and Spencer Fane is fully capable of fulfilling its duties to Debtor.

      13.      The foregoing constitutes the statement of Spencer Fane pursuant to Bankruptcy Code sections 328(a), 329 and 504 and Bankruptcy Rules 2014(a) and 2016(b).

Date: March 14, 2018

                                        /s/ *Lisa A. Epps*
                                          Lisa A. Epps