**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Sivyer Steel Corporation, | ) | Case No.  18-00507-als11 |
| | ) | |
| | ) | **UNITED STATES TRUSTEE'S OBJECTION** |
| Debtor. | ) | **TO DEBTOR'S APPLICATION TO EMPLOY** |
| | ) | **GENERAL REORGANIZATION COUNSEL** |

The Acting United States Trustee, through the undersigned Trial Attorney, raises the following objection to Debtor's application to employ Jeffrey D. Goetz and the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C. (the "Firm") as its General Reorganization Counsel. In support of his objection the Acting United States Trustee ("UST") states as follows:

1. The UST objects to Debtor's application to employ the Firm based upon an existing, and likely continuous, conflict between the Firm and the bankruptcy estate.

2. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.[1]

3. The UST has standing to be heard pursuant to 11 U.S.C. § 307.

4. Debtor's application seeks to employ Mr. Goetz and the Firm pursuant to 11 U.S.C. § 327(a).

5. As applicable here 11 U.S.C. § 327 provides:

    (a) Except s otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

---

[1] This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-6 (3d Cir. 1994)(noting that UST has "public interest standing" under 11 U.S.C. Section 307, which goes beyond mere pecuniary interest);  *Morgenstern v Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990)(describing the UST as a "watchdog").

    (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

6. The term "disinterested person" pursuant to 11 U.S.C. § 101(14) provides:

    (A) is not a creditor ….

    (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason;

7. "The term adverse interest is not defined under the Code and whether an adverse interest exists is any particular matter is determine on a case by case basis." *In re Enron Corp.*, No. 01–16034, 2002 WL 32034346, at *8 (Bankr. S.D.N.Y. May 23, 2002), *aff'd*, 2003 WL 223455 (S.D.N.Y. Feb. 3, 2003). The burden of proof of proof is on the applicant to establish that he is both disinterested and does not represent an interest adverse to the estate. *In re Huntco Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002).

8. To "hold an interest adverse to the estate" means: "(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate." *In re Roberts*, 46 B.R. 815, 827 (Bankr.D.Utah 1985), aff'd in relevant part and rev'd and remanded in part on other grounds, 75 B.R. 402 (D.Utah 1987); *See also Pierce v. Aetna Life Ins. Co. (In re Pierce)*, 809 F.2d 1356, 1362 (8th Cir.1987) (citing Roberts with approval); *In re Tri–State Ethanol Company*, LLC, 2007 WL 1174182 (Bankr. S.D. 2007) (same). Pursuant to section 327(c), an actual conflict of interest is defined as an active competition between two interests, in which one interest can only be served at the expense of the other. *In re American Energy Trading, Inc.*, 291 B.R. 154 (Bankr. W.D. Mo.

2

2003).

9. Sections 327(a) and 327(c) impose a per se disqualification as trustee's counsel on any attorney who has an actual conflict of interest. *In re Pillowtex, Inc.*, 304 F.3d 246, 251 (3rd Cir. 2002). To "represent an adverse interest" means to serve as agent or attorney for any individual or entity holding such an adverse interest. *In re M & M Marketing, L.L.C.*, 426 B.R. 796 (8th Cir BAP 2010).

10. In the instant case, the Firm is not disinterested as defined under section 101(14). Caterpillar Financial Services Corp. and EMC Insurance/IA ("the creditors") are listed on Debtor's Schedule F as holding unsecured claims against the estate. As Debtor acknowledges in paragraph 6 of its application, "the Firm has a long-standing relationship and engagement with EMC Insurance/IA, EMC Insurance Companies, Caterpillar Inc., and Caterpillar Financial Services Corp."

11. The UST is informed and believes and thereon alleges that the creditors and their affiliates are active clients of the Firm and that EMC is one of the Firm's largest clients.

12. Debtor has not proposed and there is nothing in the initial pleadings that suggests that unsecured creditors stand to receive 100% dividend on their claims. Accordingly, as active counsel for certain creditors, the Firm holds an interest materially adverse to the estate. *See*, 11 U.S.C. §§ 101(14)(A) & (C).

13. Other courts have determined an active conflict exists under similar circumstances. *See*, *In re National Distributors Warehouse Co., Inc.*, 148 B.R. 558 (Bankr. E.D. Ark. 1992)(finding (1) attorneys' acceptance of retainer from related company with claims against debtor gave rise to a "conflict of interest" requiring attorneys' disqualification, and (2) attorneys could not simultaneously represent both debtor and debtor's principal).

14. Debtor fails to cite any authority in its Motion that would allow for Mr. Goetz and the Firm to avoid such a conflict through Debtor's employment of special counsel for the purpose of counseling Debtor on any and all subject matter within the purview of the Firms ongoing representation of each creditor.

15. In addition, the costs associated with Debtor having to employ numerous counsel as a result of a conflict is adverse to the interests of the estate where one completely disinterested reorganization counsel could handle all matters independently.

16. For these reasons, the UST would submit that under the circumstances of the proposed engagement, the Court should determine whether an actual conflict of interest exists between the Firm and Debtor's estate.

Wherefore, the United States Trustee objects to the Debtor's application to employ Mr. Goetz and the Firm.

**James L Snyder**
Acting United States Trustee
Region 12

By:/s/ L. Ashley Zubal
**L. Ashley Zubal**
ID # IS9998256
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (515) 323-2269 / Fax: 284-4986
Ashley.Zubal@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of this document was sent to the parties below on March 29, 2018.

Parties receiving electronic service:

- Steven E Balk    s.balk@silvislaw.com, G26120@notify.cincompass.com
- Cassandra B Caverly    caverly.cassandra@pbgc.gov
- Richard A Davidson    rdavidson@l-wlaw.com
- Timothy M Feeney    tfeeney@mcfe-law.com, pmoller@mcfe-law.com
- Alyson Fiedler    afiedler@schiffhardin.com
- J Mark Fisher    mfisher@schiffhardin.com
- Terry L Gibson    tgibson@2501grand.com, pstober@2501grand.com,sjewell@2501grand.com
- Jeffrey D Goetz    bankruptcyefile@bradshawlaw.com, goetz.jeffrey@bradshawlaw.com;carpe.pamela@bradshawlaw.com;warner.barbara@bradshawlaw.com
- Rachel L Hillegonds    hillegondsr@millerjohnson.com, ecfhillegondsr@millerjohnson.com
- Bradley R Kruse    bkruse@dickinsonlaw.com, hdorrell@dickinsonlaw.com
- Krystal R Mikkilineni    mikkilineni.krystal@bradshawlaw.com, warner.barbara@bradshawlaw.com;carpe.pamela@bradshawlaw.com;bankruptcyefile@bradshawlaw.com
- Johannes H Moorlach    moorlach@whitfieldlaw.com, robb@whitfieldlaw.com
- United States Trustee    USTPRegion12.DM.ECF@usdoj.gov
- Jin Yan    jyan@schiffhardin.com

Parties receiving hand or mailed service:

Jonathan L Gold
601 Pennsylvania Avenue NW
Suite 700 South
Washington, DC 20004

David A Hall
PO Box 306
Grand Rapids, MI 49501-0306

Robert D Wolford
PO Box 306
Grand Rapids, MI 49501-0306

Julie M Pierce
7100 W Donges Bay Road
Mequon, WI 53092

Michael J Small
321 North Clark Street
Suite 2800
Chicago, IL 60654-5313

By:/s/ Shelly W. Fellner
    **Shelly W. Fellner**
    Legal Clerk
    United States Trustee's Office