# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Case No.   18-00507-als11 |
| | ) | |
| **SIVYER STEEL CORPORATION** | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Hon Anita L. Shodeen |
| | ) | |
| 225 S. 33rd St. | ) | **ORDER AUTHORIZING DEBTOR'S** |
| Bettendorf, IA  52722 | ) | **EMPLOYMENT OF CONCORD** |
| | ) | **FINANCIAL ADVISORS, LLC AS** |
| EIN:  39-0617810 | ) | **INVESTMENT BANKERS** |
| | ) | |
| | ) | No Hearing Set |
| | ) | |
| _____ | ) | Date Entered on Docket:_____ |

Upon the application (the "Application")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor"), for an order under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) authorizing the Debtor to employ and retain Concord Financial Advisors, LLC ("Concord") as its investment bankers, on the terms set forth in the Agreement attached to the Application (the "Engagement Agreement"); and it appearing that the Official committee of Unsecured Creditors (the "Committee") sought and obtained the agreement of the Debtor and Concord to certain modifications to the relief requested in the Application, and with such modifications the Committee consented to the retention of Concord; and Concord having acknowledged to the Court that the compensation terms, and related methods of calculation, set forth in the Engagement Agreement are subject to final approval by the Court upon proper request of Concord in accordance with this Order, 11 U.S.C.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Application.

§§ 330 and 331 and applicable orders of the Court; and the Court having reviewed the Application and the Engagement Agreement; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

IT IS HEREBY FOUND THAT:

    A.    Concord is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b);

    B.    Concord has waived any and all pre-petition amounts due and owning by the Debtor to Concord, and Concord does not otherwise hold or represent any interest that is adverse to the Debtor's estate;

    C.    The retention and employment Concord by the Debtor under 11 U.S.C. § 327(a) is necessary and in the best interests of the Debtor's estate, creditors, and other parties in interest; and

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

    1.    The Application is GRANTED to the extent set forth herein.

    2.    The statements made in the above referenced findings are incorporated fully into this Order.

    3.    Pursuant to 11 U.S.C. § 327(a), the Debtor is hereby authorized to employ and retain Concord as its investment bankers effective as of the date of this Order, on the terms set forth in the Engagement Agreement, except as otherwise provided in this Order.

    4.    Concord shall be entitled to seek compensation for services rendered, and to seek reimbursement of expenses incurred, in each case in accordance with the terms of the Engagement Agreement; <u>provided</u>, <u>however</u>, that such payments are

made subject to approval of such fees and expenses, following proper request made, in accordance with the terms of this Order, 11 U.S.C. §§ 330 and 331 and applicable Bankruptcy Rules and any other applicable orders of this Court.

5. The Debtor shall be permitted to advance funds to Concord to pay monthly financial advisory fees and expenses in accordance with sections 3 and 6 of the Engagement Agreement; provided, however, that: (a) the monthly financial advisory fee shall be reduced to $10,000.00 per month, (b) only the first four (4) monthly financial advisory fees (including the retainer previously received by Concord which counts as the first monthly financial advisory fee for the purposes of this provision) shall be paid in addition to the Transaction Fee (as defined in the Engagement Letter), and (c) 100% of all monthly financial advisory fees received by Concord after the 4th monthly financial advisory fee shall be credited towards the Transaction Fee.

6. The Transaction Fee shall be adjusted such that Concord shall receive a Transaction Fee in the amount of $100,000.00 (less the amount of the post-petition monthly financial advisory fees received by Concord) for Aggregate Consideration (as that term is defined in the Engagement Agreement and modified herein) up to $13,000,000.00, plus Transaction Fees calculated at 2.5% for Aggregate Consideration between $13,000,001.00 and $14,000,000.00, 2.0% for Aggregate Consideration between $14,000,001.00 and $15,000,000.00, 1.5% for Aggregate Consideration between $15,000,001.00 and $16,000,000.00, and 1.0% for Aggregate Consideration over $16,000,000.00. Notwithstanding anything contained in the Engagement Agreement, Aggregate Consideration shall not include any credit

bid made pursuant to section 363(k) of the Bankruptcy Code by any secured creditor with a claim against the Debtor.

7. Concord shall interim and final fee application(s) in respect of all of the compensation earned, and expenses incurred, by Concord pursuant to the Engagement Agreement in accordance with applicable provisions of the Bankruptcy Code, applicable Bankruptcy Rules and any other applicable orders of this Court; provided that Concord shall be permitted to maintain time records in a summary format which shall set forth a description of the services rendered by each restructuring professional and the amount of time spent on each date by each such individual in rendering services to the Debtor, and which shall otherwise be consistent with the fee guidelines of the Office of the United States Trustee; provided, further, that Concord shall only be required to account for time spent in ½ hour increments.

8. The indemnification provisions set forth in the Engagement Agreement are approved, and the Debtor is authorized to indemnify, and shall indemnify, Concord in accordance with the Engagement Agreement subject to the following conditions:

(a) Notwithstanding any provision of the Engagement Agreement to the contrary, the Debtor shall have no obligation to indemnify Concord, or provide contribution or reimbursement, for any claim or expense that is either: (1) judicially determined (the determination having become final) to have arisen from Concord's gross negligence, willful misconduct, bad faith, self-dealing or breach of fiduciary duty, if any, or (2) settled prior to a

judicial determination as to Concord's gross negligence, willful misconduct, bad faith, self-dealing or breach of fiduciary duty, if any, but determined by this Court, after notice and a hearing, to be a claim or expense for which Concord should not have received indemnity, contribution or reimbursement under the terms of the Engagement Agreement; and

(b)     In the event an Indemnified Person seeks to be indemnified, or receive contribution or reimbursement, including reimbursement for attorneys' fees, from the Debtor pursuant to the Engagement Agreement, Concord must file an application therefor in this Court, and the Debtor may not pay any amounts to Concord or such other indemnified parties before entry of an order by this Court approving such payments.

9.     The approval of the Application establishes only that Concord may be employed by the Debtor, and does not establish the right of Concord to be compensated from the funds of the Debtor's estate. The terms of Concord's compensation, and the methods of calculation related thereto, as referenced in the Engagement Agreement shall be reviewed and considered by this Court in connection with the fee application process pursuant to, and in accordance with, 11 U.S.C. §§ 330 and/or 331. Nothing herein or in the Engagement Agreement shall in any way prejudice, or preclude, the Committee or the Office of the United States Trustee from objecting to, or otherwise opposing, any request by Concord for the approval of its fees and/or expenses pursuant to 11 U.S.C. § 330 and/or 331 or any of the terms or conditions referenced in the Engagement Agreement (related to compensation or otherwise).

10. To the extent that there are any inconsistencies between this Order and the Engagement Agreement or the Application, the terms of this Order shall control.

GOOD CAUSE APPEARING, IT IS SO ORDERED

_____
Judge, U.S. Bankruptcy Court

Approved as to Form and Content:

*/s/ Jeffrey D. Goetz*
Jeffrey D. Goetz, Esq.

Proposed General Reorganization
Counsel for Sivyer Steel Corporation,
Debtor and Debtor in Possession

*/s/ Jonathan Gold*
Jonathan Gold, Esq.

Counsel for the Official Committee
Of Unsecured Creditors