# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-00507-als11 |
| | ) | |
| **SIVYER STEEL CORPORATION** | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Hon. Anita L. Shodeen |
| | ) | |
| 225 S. 33rd St. | ) | **DEBTOR'S RESPONSE TO U.S.** |
| Bettendorf, IA  52722 | ) | **TRUSTEE'S OBJECTION TO** |
| | ) | **DEBTOR'S APPLICATION TO** |
| EIN:  39-0617810 | ) | **EMPLOY GENERAL** |
| | ) | **REORGANIZATION COUNSEL** |
| | ) | |
| | ) | Date: April 20, 2018 |
| | ) | Time: 9:00 a.m. |
| | ) | Courtroom: 1 |

**COMES NOW** Sivyer Steel Corporation ("Sivyer") (the "Debtor"), the Debtor and Debtor in Possession herein, by and through its Proposed General Reorganization Counsel, Jeffrey D. Goetz, Esq., of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and respectfully submits this Response to the US Trustee's Objection to Debtor's Application to Employ General Reorganization Counsel (Docket Item 76) and in support thereof would show this Court as follows:

1.      On March 14, 2018 (the "Petition Date"), Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code (Docket Item 1).

2.      Debtor also filed its Application to Employ Jeffrey D. Goetz, as Proposed General Reorganization Counsel, on the Petition Date (Docket Item 13).

3.      On March 29, 2018, the U. S. Trustee filed its objection to Debtor's Application to Employ General Reorganization Counsel.

4.      Section 327(a) of the Bankruptcy Code provides in pertinent part:

>Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the state, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

5. Section 101(14) of the Bankruptcy Code defines "disinterested person." A disinterested person is one who:

>(A)    is not a creditor; an equity security holder, or an insider;
>(B)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and
>(C)    does not have an interest materially adverse to the interest of the estate or of any class of creditor or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

6. Employers Mutual Company ("EMC") provided insurance coverage to Sivyer, several years ago. According to Debtor's books and records, after termination of said insurance, a judgment was entered against Sivyer for approximately $20,464.49 plus accrued post-petition interest on account of a deficiency owed on the terminated insurance coverage.

7. Further, according to Debtor's books and records, Debtor owes Caterpillar Financial Service Corporation ("Caterpillar") approximately $12,486.81, for damages relating to a breach of an equipment lease agreement, as referenced in Debtor's Schedule F.

8. In the application to employ Proposed General Reorganization Counsel, requisite disclosures were made, including the fact that Bradshaw, Fowler, Proctor & Fairgrave, P.C. (the "Firm") has a long-standing relationship with EMC. One of the Firm's partners has a seat on EMC's board of directors, and EMC regularly asks the Firm to represent its insureds under various insurance policies provided to EMC's customers. Further, the Firm has a long-standing attorney-client relationship with Caterpillar, including representing Caterpillar primarily in products liability litigation.

9. Based on the above-described relationships, the Firm has decided that it should not, therefore, and will not provide any advice, counsel, or representation to the Debtor in any matters directly or indirectly relating to, involving, or concerning EMC or Caterpillar. To that end, the Debtor separately filed an application with the Court seeking authority to retain Lisa Epps, Esq. and Spencer Fane, LLP as Special Conflicts Counsel (Docket Item 20), specifically with regard to any advice, counsel or representation that the Debtor may need or require in connection to EMC and Caterpillar in this bankruptcy case.

10. In its Objection to Debtor's Application to Employ General Reorganization Counsel, the United States Trustee states that Debtor is "active counsel" for EMC and Caterpillar (*See* Objection, ¶ 12). As stated above, certain attorneys at the Firm, irrespective of Proposed General Reorganization Counsel, are actively and openly representing EMC primarily on **general insurance defense** matters and Caterpillar primarily on **products liability litigation** related matters, neither of which create any actual conflict of interest to Proposed General Reorganization Counsel in the pending bankruptcy matter.

11. The term "actual conflict of interest" is not defined in the Bankruptcy Code. *See In re BH & P Inc.,* 949 F.2d 1300, 1315 (3d Cir.1991). *See also In re Enron Corp.*, No. 01-16034, 2002 WL 3203436, at *8 (Bankr. S.D.N.Y. May 23, 2002), *aff'd*, 2003 WL 223455 (S.D.N.Y. Feb. 3, 2003). Instead, the term "has been given meaning largely through a case-by-case evaluation of particular situations in the bankruptcy context." *Id.* In this regard, "[c]ourts have been accorded considerable latitude in using their judgment and discretion in determining whether an actual conflict exists 'in light of the particular facts of each case.' " *Id.* (citing *In re Star Broadcasting, Inc.,* 81 B.R. 835, 844 (Bankr.D.N.J.1988) and *In re Hoffman,* 53 B.R. 564, 566 (Bankr.W.D.Ark.1985)). Notably, courts have declined to set forth bright line rules as to

when an alleged conflict warrants disqualification under Bankruptcy Code section 327(c). *See In re BH & P, Inc.,* 949 F.2d at 1315. It is nonetheless sensible to conclude that an alleged conflict of interest is "actual" and warrants disqualification under Bankruptcy Code section 327(c) if there is "active competition between two interests, in which one interest can only be served at the expense of the other."

12. A conflict "in which the competition is presently dormant, but may become active if certain contingencies occur," is merely potential and thus does not warrant disqualification. *See In re BH & P, Inc.* 103 B.R. at 563. *Id.* at 822 (footnotes omitted). *See also Byrd v. Johnson,* 467 B.R. 832, 849 (D.Md. 2012); *In re Dickson Properties, LLC,* 2012 WL 2026760 at *6 (Bankr.E.D.Va. 2012); *In re Lewis Road, LLC,* 2011 WL 6140747 at *7 (Bankr.E.D.Va. 2011); *In re Elder,* 321 B.R. 820, 827 (Bankr. E.D. Va. 2005).

13. EMC and Caterpillar both have allowed non-disputed, non-contingent and liquidated claims against Debtor in this matter, making the conflict presently dormant and merely potential, as referenced above. In an abundance of caution, Special Conflicts Counsel is appointed specifically for situations like this.

14. Further, pursuant to the definition of "disinterested person" in Bankruptcy Code section 101(14), Proposed General Reorganization Counsel is not, and will never be in a position, where he is (1) a creditor; an equity security holder, or an insider; (2) a director, officer, or employee of the debtor; and (3) does not have an interest materially adverse to the interest of the estate or of any class of creditor or equity security holder, as defined in the 11 U.S.C. § 101.

15. Trustee cites to *In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985) to support the proposition that Proposed General Reorganization Counsel holds "an interest adverse to the estate." This case is distinguishable from the case at hand, as the attorney in *In re Roberts* failed to disclose,

either in its applications for appointment as counselor or in its fee applications, the existence of any of its conflicting involvements.

16. Proposed General Reorganization Counsel included in its application that it had a longstanding relationship with both EMC and Caterpillar and that Special Conflicts Counsel would be appointed for this reason. Further, Debtor has disclosed that EMC and Caterpillar have no objection to the Firm acting as General Reorganization Counsel, and the Firm is informed and believes that Caterpillar does not object to the proposed arrangement for Special Conflicts Counsel. EMC and Caterpillar are satisfied with the disclosure and proposed procedure for retaining and having Special Conflicts Counsel handle any matters on this case.

17. Precedence has previously been set in matters of this nature in the *Foods, Inc.* Bankruptcy Case (Southern District of Iowa Bankruptcy Case No. 14-02689-als11). Jeffrey D. Goetz and the Bradshaw, Fowler, Proctor & Fairgrave, P.C. law firm represented the Debtor-in-Possession, Foods, Inc. The Application to Employ Jeff Goetz as General Reorganization Counsel (Docket Item 5) duly disclosed in the Legal Services Agreement the existence of a potential conflict with Atlantic Bottling, who was insured by EMC Insurance, and special conflict counsel would represent the Debtor in any matters involving EMC. There were no objections to Counsel's employment filed, and their employment as General Reorganization Counsel was approved by Court Order (Docket Item 211). Counsel for the Debtor recognized a potential conflict in the case and secured out of state counsel, Crowe & Dunlevy, P.C. of Oklahoma City, Oklahoma to handle any matters relating to any conflicts that would arise in the case. Debtor filed its Application to Employ Special Conflicts Counsel (Docket Item 6). The U.S. Trustee did not object to that arrangement at that time which is almost exactly like the situation herein. With no objections filed, the Application was approved by Court Order (Docket Item 212).

18. The Firm therefore continues to assert and believe that it does not hold any interest adverse to the Debtor and that the Firm continues to be "disinterested" as that term is defined under the Bankruptcy Code.

**WHEREFORE** the Debtor prays that it be authorized, pursuant to Bankruptcy Code section 327 and Federal Rule of Bankruptcy Procedure 2014(a), and the terms of the Legal Services Agreement, to employ Jeffrey D. Goetz, Esq. and the law firm of the Bradshaw, Fowler, Proctor & Fairgrave, P.C. as its General Reorganization Counsel.

Dated: April 10, 2018

*/s/     Jeffrey D. Goetz*
Jeffrey D. Goetz, Esq., IS #9999366
Bradshaw Fowler Proctor & Fairgrave P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com
Proposed General Reorganization Counsel for Sivyer Steel Corporation, Debtor and Debtor in Possession

CERTIFICATE OF SERVICE:  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/     Barbara Warner*

6