# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | Case No.  18-00507-als11 |
| | ) | |
| **SIVYER STEEL CORPORATION** | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Hon. Anita L. Shodeen |
| | ) | |
| c/o Robert J. Silhacek | ) | **DEBTOR'S PLAN OF LIQUIDATION DATED** |
| Turning Point Management Advisors | ) | **NOVEMBER 18, 2019** |
| 333 Washington Avenue North | ) | |
| Suite 300 | ) | |
| Minneapolis, Minnesota 55401 | ) | No Hearing Set. |
| | ) | |
| EIN: 39-0617810 | ) | |
| _____ | ) | |

Jeffrey D. Goetz, Esq., AT0002832
Vincent R. Ledlow, Esq., AT0013348
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Ave., Ste. 3700
Des Moines, IA 50309-8004
Telephone:  (515) 246-5817
Facsimile:  (515) 246-5808
goetz.jeffrey@bradshawlaw.com
ledlow.vincent@bradshawlaw.com

General Reorganization Counsel to the Debtor and
Debtor in Possession

# Table of Contents

ARTICLE I Definitions ................................................................................................................ 4

ARTICLE II Treatment of Unclassified Claims and Interests....................................................... 11

    2.1     Allowed Administrative Claims. .................................................................................. 11

    2.2     Unclassified Priority Claims. ....................................................................................... 11

ARTICLE III Designation of Classified Claims and Interests ...................................................... 11

    3.1     Class 1 Claim ............................................................................................................... 11

    3.2     Class 2 Claim ............................................................................................................... 11

    3.3     Class 3 Claim ............................................................................................................... 11

    3.4     Class 4 Claims.............................................................................................................. 12

    3.5     Class 5 Equity Interests................................................................................................ 12

ARTICLE IV Impairment of Classes ............................................................................................ 12

    4.1     Impaired Classes of Claims Entitled To Vote.............................................................. 12

    4.2     Classes Deemed To Accept the Plan ........................................................................... 12

    4.3     Classes Deemed To Reject the Plan............................................................................. 12

    4.4     Cramdown .................................................................................................................... 12

ARTICLE V Treatment of Claims and Interests ........................................................................... 12

    5.1     Allowed Administrative Claims (Unclassified)........................................................... 12

    5.2     Unclassified Priority Claims (Unclassified) ................................................................ 13

    5.3     Class 1 Non-Tax Priority Claims ................................................................................. 13

    5.4     Class 2 Claim (TBK Bank Secured Claim) ................................................................. 13

    5.5     Class 3 Claim (FCF Secured Claim)............................................................................ 13

    5.6     Class 4 Claims (General Unsecured Claims)............................................................... 13

    5.7     Class 5 Equity Interests................................................................................................ 14

ARTICLE VI Treatment of Executory Contracts .......................................................................... 14

    6.1     Executory Contracts and Unexpired Leases ................................................................ 14

    6.2     Bar Date for Rejection Damages ................................................................................. 14

ARTICLE VII Means of Implementing the Plan........................................................................... 14

    7.1     Vesting of Liquidating Trust Assets. ........................................................................... 14

    7.2     Trust Asset Administration. ......................................................................................... 14

    7.3     Maintenance of Causes of Action ................................................................................ 15

    7.4     Preservation of Causes of Action................................................................................. 15

    7.5     Liquidating Trustee's Professionals............................................................................. 15

    7.6     Wind Down .................................................................................................................. 16

7.7    Conditions to Effective Date ........................................................................... 16

7.8    Administrative Claims Bar Date. .................................................................... 16

7.9    Governmental Claims Bar Date ...................................................................... 17

7.10   Termination of the Creditors' Committee ...................................................... 17

7.11   Court Approval of Certain Actions ................................................................. 17

7.12   Case Administration ....................................................................................... 17

7.13   Filing Additional Documents ......................................................................... 18

7.14   Notices ........................................................................................................... 18

7.15   Minimum Distributions .................................................................................. 19

7.16   Discharge ....................................................................................................... 19

7.17   Binding Effect ................................................................................................ 19

7.18   Term of Bankruptcy Stays ............................................................................. 19

7.19   Exculpation and Limitation of Liability. ....................................................... 19

7.20   Semi-Annual Reports ..................................................................................... 20

7.21   Closing of the Case ........................................................................................ 20

ARTICLE VIII Modification of the Plan .................................................................... 20

ARTICLE IX General Provisions ............................................................................... 20

9.1    Headings for Convenience Only ..................................................................... 20

9.2    U.S. Trustee Fees ........................................................................................... 20

9.3    Objections to Claims ...................................................................................... 21

9.4    Lapsed Distributions ...................................................................................... 21

9.5    Undeliverable and Unclaimed Distributions .................................................. 21

ARTICLE X Retention of Jurisdiction ....................................................................... 22

## Introduction

Sivyer Steel Corporation, Debtor and Debtor in Possession in this Case (subsequently referred to simply as the "Debtor"), proposes this Plan of Liquidation.  The Debtor is the "proponent" of the Plan as that term is used in §1129 of the Bankruptcy Code.  Reference is made to the Disclosure Statement, distributed contemporaneously with the Plan, and all exhibits to the Disclosure Statement.  In the event of any inconsistency between the Disclosure Statement and the Plan, the relevant provision of the Plan, as it relates to such inconsistency, will govern.  Subject to the restrictions and requirements set forth in §1127 of the Bankruptcy Code, Bankruptcy Rule 3019, and the Plan, the Parties reserve the right to alter, amend, modify or withdraw this Plan at any time before its substantial consummation.

**IN ORDER TO RECEIVE A DISTRIBUTION FROM THE LIQUIDATING TRUST ON ACCOUNT OF AN ALLOWED CLAIM, HOLDERS OF ALLOWED CLAIMS MUST PROVIDE THE DEBTOR AND/OR THE LIQUIDATING TRUSTEE WITH THEIR FEDERAL EMPLOYMENT IDENTIFICATION NUMBER ("*FEIN*") AND/OR THEIR FEDERAL TAX ID NUMBER.  THE FAILURE TO SUBMIT AN FEIN AND/OR A FEDERAL TAX ID NUMBER MAY FORFEIT A HOLDER'S RIGHT TO A DISTRIBUTION OF ESTATE ASSETS.**

## ARTICLE I
### Definitions

Unless the context otherwise requires or a term is otherwise defined in the Plan itself, the following terms shall have the meanings set forth below, except as expressly provided otherwise.

1.1    *Administrative Claim* means any cost or expense of administration of the Case allowed by the Bankruptcy Court under §503(b) of the Bankruptcy Code, including Professional Fee Claims.

1.2    *Administrative Claims Bar Date* means the applicable date on which an Administrative Claim, including, but not limited to, any Claim under §503(b)(9), must be filed, as established by §7.8 of the Plan.

1.3    *Allowed Claim*  means a Claim (1) proof of which is filed by the bar date established by a Final Order of  the Bankruptcy Court, within any other applicable period set by any other Final Order of the Bankruptcy Court or this Plan, or that has been or might later be scheduled by the Debtor as liquidated and not as disputed or contingent; (2) proof of which has been filed pursuant to procedures and in the form established by the Bankruptcy Code, the Bankruptcy Rules, or any Final Order entered by the Bankruptcy Court; and, (3) as to which no pending objection has been filed by the Debtor, the

Liquidating Trustee, or any other party in interest in this Case.  Allowed Claim also means a Claim as to which a Final Order allowing such Claim has been entered by the Bankruptcy Court.  No Claim that is also an Assumed Liability shall be an Allowed Claim.

1.4     **APA** means the Asset Purchase Agreement between Sivyer Steel Castings LLC *("SSC")* and the Debtor dated July 12, 2018.  [Dkt. 201, Ex. A.]

1.5     **Assets of the Estate** means any and all right, title, and interest of the Debtor in and to property of whatever type or nature.

1.6     **Assumed Liability(ies)** means a liability or liabilities assumed by SSC under the APA.

1.7     **Avoidance Actions** means any and all pending or possible actions, proceedings, accounts, controversies, agreements, promises, claims, and rights, of the Debtor and its Estate to avoid or recover a transfer of property of any of the Debtor's Estate or an interest of any of the Debtor in property, including actions arising under §§542, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code and any other applicable federal, state, or common law, including fraudulent transfers, whether or not litigation has been commenced with respect to such Causes of Action as of the Effective Date.

1.8     **Bankruptcy Code** means Title 11 of the United States Code, 11 U.S.C. §101 *et seq*.

1.9     **Bankruptcy Court** means the United States Bankruptcy Court for the Southern District of Iowa, located in Des Moines, Iowa, or any court having jurisdiction over this Case or a proceeding arising in, arising under, or related to this Case.

1.10    **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as now in effect.

1.11    **Case** means the case commenced under Chapter 11 of the Bankruptcy Code by the Debtor which is styled *In re Sivyer Steel Corporation*, Case No. 18-00507-als11, and which is currently pending before the Bankruptcy Court.

1.12    **Cash** means legal tender of the United States of America and its equivalents.

1.13    **Causes of Action** means any and all actions, causes of action, proceedings, controversies, liabilities, obligations, rights, suits, claims for money or refunds due, indebtedness (for borrowed money or in the nature of a guarantee), damages, judgments, Claims, objections to Claims, benefits of subordination of Claims, demands, debts, liens, contracts, agreements, promises, representations, torts, damages, costs, losses, attorneys' fees, moneys due on account, obligations, judgments, or liabilities of any kind or nature whatsoever, whether known or unknown, anticipated or unanticipated, suspected or unsuspected, reduced to judgment, liquidated, or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly

or derivatively, existing or later arising in law or in equity, arising out of agreement or imposed by statute, common law or otherwise, including the Avoidance Actions and any interest of the Debtor in any tax refund, or any deposit, deposit account, certificate of deposit, bank, brokerage or similar account, trust account, reserve account, escrow account or the like.

1.14   ***Chapter 11 Administrative Claims*** means claims arising under §507(a)(2) of the Bankruptcy Code.

1.15   ***Claim*** means any right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, as defined by §101(5) of the Bankruptcy Code.

1.16   ***Class*** means a class of Holders of Claims as described in the Plan.

1.17   ***Committee*** means the Official Committee of Unsecured Creditors appointed in the Case on March 19, 2018, under §1102 of the Bankruptcy Code [Dkts. 49 & 50.]

1.18   ***Confirmation Date*** means the date of entry of the Confirmation Order.

1.19   ***Confirmation Hearing*** means, collectively, the hearing or hearings held by the Bankruptcy Court on confirmation of the Plan, as such hearing or hearings may be continued from time to time.

1.20   ***Confirmation Order*** means the order confirming this Plan.

1.21   ***Creditors*** means all creditors of the Debtor holding Claims for debts, liabilities, demands, or other Claims of any character or nature whatsoever.

1.22   ***Debtor*** means Sivyer Steel Corporation.

1.23   ***Disclosure Statement*** means the Disclosure Statement with respect to the Debtor's Plan of Liquidation dated November 18, 2019

1.24   ***Disputed Claim*** means any Claim (other than an Allowed Claim) that is either a Claim scheduled by the Debtor or a Claim that is the subject of a proof of Claim filed with the Bankruptcy Court, as to which the Debtor, the Committee, or the Liquidating Trustee has indicated a dispute, or for which a timely objection to the Claim's allowance has been filed by a party entitled to make such an objection, but as to which the Bankruptcy Court has not yet entered a Final Order.  No Distribution will be made on account of a Disputed Claim unless such Claim is Allowed by a Final Order.

1.25   ***Distribution(s) or Dividend(s)*** means the property required by the Plan to be distributed to the Holders of Allowed Claims.

**1.26** *Effective Date* means a date not later than 180 days after the Confirmation Date, upon which the conditions set forth in § 7.7 of this Plan are satisfied; provided, however, that if a stay of the Confirmation Order is in effect on such day, then the Effective Date shall be the first day after which, if the Confirmation Order has not been vacated, no stay of the Confirmation Order is in effect.

**1.27** *Equity Interest or Interest* means the legal, equitable, contractual, and other rights of the Holders of any Equity Interest in the Debtor, including the rights of any entity to purchase or demand the issuance of any Equity Interest, including: (i) conversion, exchange, voting, participation, and dividend rights; (ii) liquidation preferences; (iii) stock options, warrants, and put rights; and (iv) share-appreciation rights. Equity Interest shall have the meaning provided by §101(16) of the Bankruptcy Code.

**1.28** *Equity Interest Holder* shall have the meaning provided by §101(17) of the Bankruptcy Code.

**1.29** *Estate* means the estate of the Debtor created in this Case under §541 of the Bankruptcy Code.

**1.30** *Final Order* means (1) an order, judgment, or decree of the Bankruptcy Court or any other court of competent jurisdiction; (2) that has been issued or entered in the Case or any other case, action, or proceeding; (3) that has not been reversed, stayed, modified, or amended, and as to which the time to appeal, seek *certiorari*, or seek a new trial, reargument, or rehearing has expired; (4) as to which no appeal or petition for *certiorari* or other proceedings for a new trial, reargument, or rehearing has been timely taken or filed; (5) as to which an appeal *was* timely taken or a petition for certiorari *was* timely filed, but with regard to which such appeal or petition has been withdrawn or has been resolved by the highest court to which it was appealed or from which certiorari was sought with no material modification; and (6) as to which a new trial, reargument, or rehearing *was* timely sought, but with regard to which such request has been withdrawn, has been denied, or has resulted in no material modification.  The possibility a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure, Rules 9023 or 9024 of the Bankruptcy Rules, or any similar, applicable state court rules of civil procedure may be filed with respect to such order shall not cause such order not to be a Final Order.

**1.31** *General Unsecured Claim* means any Unsecured Claim, arising before the Petition Date that is not a Secured Claim, Professional Fee Claim, Administrative  Claim, Allowed Unclassified Priority Claim, Allowed Non-Tax Priority Claim, or Class 5 Interest (Equity Interests).

**1.32** *General Unsecured Claims Bar Date* means July 8, 2018.  [Dkt. 47].

**1.33** *General Unsecured Creditor* means the Holder of a General Unsecured Claim.

1.34   ***Governmental Claim*** means any Claim filed by a governmental unit, pursuant to §502(b)(9) of the Bankruptcy Code.

1.35   ***Governmental Claims Bar Date*** means the applicable date on which a Governmental Claim must be filed, as established by §7.9 of the Plan.

1.36   ***Holder*** means the Person that is the owner of record of a Claim or Interest, as applicable, including such Person's successors and/or assigns.

1.37   ***Impaired*** means any Class, or any Claim or Interest in a Class, that is impaired as that term is defined and used in §1124 of the Bankruptcy Code and includes Class 4 General Unsecured Claims and Class 5 Equity Interests.

1.38   ***Insider(s)*** shall have the meaning provided by §101(31) of the Bankruptcy Code.

1.39   ***Lien*** shall have the meaning provided by §101(37) of the Bankruptcy Code.

1.40   ***Liquidating Trust*** means the common law trust to be established under the Plan, the Liquidating Trust Agreement, and the Confirmation Order.  The Liquidating Trust shall liquidate and distribute the Liquidating Trust Assets according to the Liquidating Trust Agreement.

1.41   ***Liquidating Trust Agreement*** means the Sivyer Steel Corporation Liquidating Trust Agreement that will be executed by the Debtor, the Committee, and the Liquidating Trustee as soon as reasonably practicable after the Confirmation Date.  The Liquidating Trust Agreement shall govern the obligations of the Liquidating Trustee with respect to oversight of the distribution of the Net Proceeds of the Liquidating Trust Assets as further set forth in the Liquidating Trust Agreement and the Plan.

1.42   ***Liquidating Trust Assets*** means those assets to be transferred to and vested in the Liquidating Trust under this Plan and the Confirmation Order, plus all proceeds, earnings, and replacements arising from or relating to these assets and all assets acquired by the Liquidating Trust at any time.

The Liquidating Trust Assets shall include all Assets of the Estate, including, but not limited to: (i) all Cash held by the Debtor, including any Cash received by the Debtor through the Sale Order; (ii) any remaining personal property owned by the Debtor as of the Effective Date; and (iii) the Causes of Action.

1.43   ***Liquidating Trustee*** means the Person, including that Person's replacement or successor, designated by the Committee at least three (3) days before the Confirmation Hearing, and, as necessary or appropriate, approved by the Bankruptcy Court, to serve as trustee for the Liquidating Trust and to oversee the liquidation and distribution of the Liquidating Trust Assets that are held by the Liquidating Trust for the benefit of the

Holders of Allowed Claims pursuant to the Plan, the Confirmation Order, and the Liquidating Trust Agreement.

1.44    ***Liquidating Trustee's Expenses*** means the reasonable fees, costs, and expenses incurred by the Liquidating Trustee and any Professionals retained by him, her, or it in connection with the performance of his, her, or its duties and responsibilities under the Plan and Liquidating Trust Agreement, as well as any other reasonable and necessary costs of administration of the Liquidating Trust, including U.S. Trustee fees incurred during the post-Effective Date period, which fees may be paid from the Liquidating Trust Assets.

1.45    ***Net Proceeds*** means the Cash proceeds received by the Liquidating Trustee from time to time from the sale or disposition, through litigation, settlement or otherwise, of the Liquidating Trust Assets, net of the reasonable or necessary costs of such sale or other disposition, including reasonable fees and expenses of the Liquidating Trustee's legal counsel and other Professionals that are incurred in connection with obtaining the Cash proceeds.

1.46    ***Non-Tax Priority Claim*** means priority wage or benefit claims of the kind specified in §507(a)(4) through (7) of the Bankruptcy Code, including priority wage or benefit claims or other Priority Claims but not including Administrative Claims.

1.47    ***Person*** means an individual, corporation, partnership, joint venture, association, joint stock company, limited liability company, limited liability partnership, trust, estate, unincorporated organization, or other entity.

1.48    ***Petition Date*** means the date of the filing of the Case which was March 14, 2018.

1.49    ***Plan*** means this Plan of Liquidation, as it may be modified or amended.

1.50    ***Professional*** means any Professional employed in this Case under §§327, 328 or 1103 of the Bankruptcy Code, including attorneys, accountants, and financial advisors retained by the Debtor, the Committee, or the Liquidating Trustee, or any Professional or other Person seeking compensation or reimbursement of expenses in connection with this Case under §503(b)(4) of the Bankruptcy Code.

1.51    ***Professional Fee Claim*** means a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services incurred during the period from the Petition Date to the Effective Date.

1.52    ***Pro Rata,*** when used in the context of Distributions to Creditors, means proportionately so that the ratio of the amount of the Distribution made on account of a particular Allowed Claim to the Distribution made on account of all Allowed Claims of the Class in which the particular Allowed Claim is included is the same as the ratio of the amount of a

particular Allowed Claim to the total amount of the Allowed Claims of the Class in which a particular Allowed Claim is included.

1.53    ***Rejection Damages Claim*** means a Class 4 General Unsecured Claim held by a party to a rejected executory contract or lease agreement under §365 of the Bankruptcy Code.

1.54    ***Sale Order*** means the Order (A) Approving Bidding Procedures and Scheduling an Auction and Sale Hearing in Connection with the Sale of Substantially All Assets of the Debtor; (B) Approving Form of Asset Purchase Agreement (C) Approving Assumption and Assignment Procedures; and (D) Granting Related Relief.  [Dkt. 182.]

1.55    ***Scheduled Claim*** means any Claim set forth on the Schedules.

1.56    ***Schedules*** means the schedules of assets and liabilities filed by the Debtor as such Schedules may be amended from time to time according to Bankruptcy Rule 1009.

1.57    ***Secured Claim*** means a Claim of a Creditor secured by a Lien on property of the Estate, or a Claim subject to set off under §553 of the Bankruptcy Code, to the extent of the value of such Creditor's interest in property of the Estate, or to the extent of the amount subject to set off, as the case may be.

1.58    ***Secured Creditor*** means the Holder of a Secured Claim.

1.59    ***Settlement Agreement*** means that certain Settlement Agreement between the Committee, the Debtor, FCF, and TBK Bank dated November 13, 2018

1.60    ***Tax Code*** means Title 26 of the United States Code, 26 U.S.C. §1 *et seq*.

1.61    ***Unclassified Priority Claim*** means General Unsecured Claims of the kind specified in §507(a)(8) of the Bankruptcy Code, whether in the nature of priority tax claims or other Priority Claims, not including Non-Tax Priority Claims, nor including Administrative Claims.

1.62    ***U.S. Trustee*** means the United States Trustee.

1.63    ***Voting Class*** means Class 4, which is Impaired and entitled to vote on the Plan.

**Rules of Interpretation and Computation of Time.**  For purposes of this Plan, unless otherwise provided:  (i) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; (ii) any reference to any entity as a Holder of a Claim or Interest includes the entity's successors and assigns; (iii) all references in this Plan to sections, articles and exhibits are references to sections, articles and exhibits of or to this Plan; (iv) captions and headings to articles and sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; (v) the rules of construction set forth in §102 of the Bankruptcy Code will apply;

and (vi) in computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) will apply.

## ARTICLE II
## Treatment of Unclassified Claims and Interests

Section 1123(a)(1) of the Bankruptcy Code provides that Administrative Claims and certain Unclassified Priority Claims are not to be classified under the Plan.

**2.1    Allowed Administrative Claims.**

Allowed Administrative Claims shall include the following:

(A)    *Allowed Professional Fee Claims* shall include Allowed Professional Fee Claims of the Debtor's Professionals and the Committee's Professionals.

(B)    *Allowed Other Administrative Claims* shall include the Allowed Administrative Claims other than Professional Fee Claims.

**2.2    Unclassified Priority Claims.**

Unclassified Priority Claims shall include the Allowed Unclassified Priority Claims, whether arising under §507(a)(8) of the Bankruptcy Code or otherwise, but shall not include Administrative Claims.  Unclassified Priority Claims exist in the approximate amount of $1,895.72, net of the Assumed Liabilities.

## ARTICLE III
## Designation of Classified Claims and Interests

Pursuant to §1123(a)(1) of the Bankruptcy Code, Claims and Interests are classified as follows:

**3.1    Class 1 Claim.**

The Class 1 Claim shall consist of Non-Tax Priority Claims of the kind specified in §507(a)(4) through (7) of the Bankruptcy Code, including priority wage or benefit claims or other Priority Claims, but not including Unclassified Priority Claims and not including Administrative Claims.  The Debtor does not believe any Class 1 Non-Tax Priority Claims exist.

**3.2    Class 2 Claim.**

Class 2 consists of the Secured Claim of TBK Bank SSB ("*TBK Bank*").

**3.3    Class 3 Claim.**

Class 3 consists of the Allowed Secured Claim of FCF Partners, LP ("*FCF*") in the amount of $150,000.00, pursuant to the Settlement Agreement between the Debtor, the Committee, TBK Bank, and FCF, and filed with the Court on November 13, 2018.

**3.4** **Class 4 Claims.**

Class 4 Claims shall consist of Allowed General Unsecured Claims, including Rejection Damages Claims.

**3.5** **Class 5 Equity Interests.**

Class 5 Interests shall consist of the Interests of Equity Interest Holders. All Class 5 Interests shall be cancelled on the Effective Date.

## ARTICLE IV
## Impairment of Classes

**4.1** **Impaired Classes of Claims Entitled To Vote**.

Except as provided by orders of the Bankruptcy Court pertaining to solicitation of votes on this Plan, Class 4 is Impaired, and Holders of Claims in Class 4 shall be entitled to vote to accept or reject this Plan.

**4.2** **Classes Deemed To Accept the Plan.**

Classes 1, 2, and 3 are not Impaired by this Plan, and the Holders of these Claims are conclusively presumed to accept the Plan under §1126(f) of the Bankruptcy Code. The votes of Holders of Classes 1, 2, and 3 Claims will not be solicited.

**4.3** **Classes Deemed To Reject the Plan.**

Holders of Claims and Interests in Class 5 will not receive or retain any Distribution under the Plan on account of their Claims or Interests. Pursuant to §1126(g) of the Bankruptcy Code, Class 5 is Impaired and is conclusively presumed to reject the Plan, and the votes of Equity Interest Holders holding Class 5 Interests, therefore, will not be solicited.

**4.4** **Cramdown.**

If necessary, the Debtor and the Committee will request that the Bankruptcy Court confirm the Plan under §1129(b) of the Bankruptcy Code with respect to any Class that rejects the Plan.

## ARTICLE V
## Treatment of Claims and Interests

**5.1** **Allowed Administrative Claims (Unclassified).**

(A) Allowed Professional Fee Claims shall be paid according to the APA, the Liquidating Trust Agreement, orders of the Bankruptcy Court, and this Plan.

(B) Distributions of the Net Proceeds from the Liquidating Trust shall be made to the Holders of Allowed Other Administrative Claims by the Liquidating Trustee according to the Liquidating Trust Agreement. Distributions will take place from time to time on dates determined by the Liquidating Trustee, within a reasonable

time after the Liquidating Trustee determines there are reserves in an amount sufficient to: (i) make a Distribution on account of Disputed Claims that are Professional Fee Claims or Administrative Claims; and (ii) pay the Trustee's Expenses in full.

**5.2    Unclassified Priority Claims (Unclassified).**

(A)    Allowed Unclassified Priority Claims shall be paid in full according to the Liquidating Trust Agreement and this Plan.

(B)    Payment of Allowed Unclassified Priority Claims shall be made net of the Assumed Liabilities.

**5.3    Class 1 Non-Tax Priority Claims.**

(A)    Allowed Non-Tax Priority Claims, to the extent any exist, shall be paid in full according to the Liquidating Trust Agreement and this Plan.

(B)    Payment of any Non-Tax Priority Claims shall be made net of the Assumed Liabilities.

**5.4    Class 2 Claim (TBK Bank Secured Claim).**

(A)    The TBK Bank Secured Claim was satisfied in full pursuant to the APA and the Sale Order.  The Holder of the Class 2 Claim shall receive no Distribution under the Plan.

(B)    Any Unsecured Claims asserted by TBK Bank are deemed fully satisfied and discharged pursuant to the Settlement Agreement among the Debtor, the Committee, TBK Bank, and FCF, which was filed with the Court on November 13, 2018 and approved on December 11, 2018 (Docket No. 270).  Any such Unsecured Claims, therefore, will receive no Distribution under the Plan.

**5.5    Class 3 Claim (FCF Secured Claim).**

(A)    The FCF Secured Claim was satisfied in full pursuant to the Settlement Agreement. Consequently, the Class 3 Claim shall receive no distribution under the Plan.

(B)    The parties to the Settlement Agreement further agreed FCF's Unsecured Claim, filed as Claim No. 70 in the Case, is not Allowed, and FCF shall not receive any Distribution on account of such Unsecured Claim under the Plan.

**5.6    Class 4 Claims (General Unsecured Claims).**

(A)    Allowed Class 4 Claims shall be paid Pro Rata according to the Liquidating Trust Agreement and this Plan.  The Liquidating Trustee shall liquidate the Liquidating Trust Assets, as applicable, and distribute the Net Proceeds according to this Plan and the Liquidating Trust Agreement.

(B)    No Distributions shall be made to Holders of Allowed Class 4 Claims until Allowed Administrative Claims, Allowed Unclassified Priority Claims, and Allowed Non-Tax Priority Claims are paid in full.

**5.7**     **Class 5 Equity Interests.**

Holders of Class 5 Interests shall not receive a Distribution under the Plan.  Upon the Effective Date of the Plan, all Equity Interests in the Debtor will be cancelled and rendered void.

## ARTICLE VI
## Treatment of Executory Contracts

**6.1**     **Executory Contracts and Unexpired Leases.**

The Debtor is a party to certain executory contracts and unexpired leases.  Exhibit C to the Disclosure Statement identifies those contracts and leases the Debtor has assumed and assigned to SSC.

Each executory contract or unexpired lease of the Debtor that has not expired by its own terms, that has not been previously rejected by an order of the Bankruptcy Court, or that has not been assumed or assumed and assigned before the Confirmation Date shall be deemed to be rejected on the Confirmation Date pursuant to §365 of the Bankruptcy Code.

**6.2**     **Bar Date for Rejection Damages.**

All proofs of Claim with respect to Claims arising from the rejection of executory contracts or unexpired leases pursuant to §6.1 of this Plan shall be filed with the Bankruptcy Court by no later than thirty (30) days after the Confirmation Date.  The Bankruptcy Court may extend this deadline in the exercise of its discretion as it deems necessary.

## ARTICLE VII
## Means of Implementing the Plan

**7.1**     **Vesting of Liquidating Trust Assets.**

Within seven (7) days after the Effective Date or as provided in the Confirmation Order, all Assets of the Estate shall be assigned to the Liquidating Trust, including, but not limited to,:  (i) all Cash held by the Debtor, including any Cash received by the Debtor through the Sale Order; (ii) any remaining personal property owned by the Debtor as of the Effective Date; and (iii) the Causes of Action.

**7.2**     **Trust Asset Administration.**

Beginning on the Effective Date, the Liquidating Trustee shall administer the Liquidating Trust Assets pursuant to the Plan and the Liquidating Trust Agreement.

The Liquidating Trustee shall be responsible for liquidating the Liquidating Trust Assets, for making distributions of the Net Proceeds to the beneficiaries of the Liquidating Trust, and for all other activities typically related to trust administration.

The Liquidating Trustee shall also be responsible for pursuing the Causes of Action and for all other activities typically related to trust administration.

The Liquidating Trustee shall also make all necessary tax filings, statements, and reports for the Debtor.

**7.3    Maintenance of Causes of Action.**

The Liquidating Trust shall retain, and may exclusively enforce, any claims, rights, or Causes of Action, and may commence, pursue, and settle the Causes of Action in accordance with this Plan.  The Liquidating Trust shall have the exclusive right, authority, and discretion to institute, prosecute, abandon, settle, or compromise any and all such claims, rights, and Causes of Action without the consent or approval of any third party and without any further order of the Bankruptcy Court.

**7.4    Preservation of Causes of Action**

Unless a claim or Cause of Action is expressly waived, relinquished, released, compromised, or settled in this Plan or any Final Order, the Debtor expressly reserves such Claim or Cause of Action (including any unknown Causes of Action) for later adjudication by the Liquidating Trust.  No preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to such claims or Causes of Action based on the Disclosure Statement, this Plan, or the Confirmation Order except where such claims or Causes of Action have been released in this Plan or other Final Order.

**7.5    Liquidating Trustee's Professionals.**

Upon appointment, the Liquidating Trustee may, subject to the Liquidating Trust Agreement, retain such Professionals as the Liquidating Trustee may deem necessary, without seeking approval from any court or other party.  Professionals may include legal counsel, accountants, experts, advisors, consultants, investigators, appraisers, real estate brokers, auctioneers and other Professionals whose retention and employment the Liquidating Trustee deems appropriate.  Professionals do not need to be "disinterested" as that term is defined by the Bankruptcy Code and may include the attorneys and financial advisors employed by any party in the Case.  The Liquidating Trustee shall be permitted to retain any such Professional in light of the efficiencies implicit in continuity. The Liquidating Trustee's retention of a Professional shall not be deemed to pose any conflict of interest, and no conflict shall exist by virtue of the filing of applications by any such Professionals employed by the Liquidating Trustee for allowance of Administrative Claims according to the APA, the Liquidating Trust Agreement, or this Plan.

The Liquidating Trustee's Professionals' fees shall be paid from the Liquidating Trust.

The Liquidating Trustee and its Professionals shall submit invoices for the payment of fees and reimbursement of expenses on a monthly basis (subsequently referred to as "Trust Invoices").  Trust Invoices may be paid with the approval of the Bankruptcy Court.

**7.6**    **Wind Down.**

As soon as the Liquidating Trustee determines practicable, but not later than the completion of the Liquidating Trustee's functions under the Liquidating Trust Agreement, the Liquidating Trustee will provide for the orderly wind down or dissolution of the Debtor.  After the wind down, the Liquidating Trustee shall continue to have standing to assert claims or pursue matters on behalf of the Debtor to the extent necessary to preserve, protect, and liquidate the Liquidating Trust Assets or to the extent otherwise necessary to administer the Liquidating Trust.

**7.7**    **Conditions to Effective Date.**

The following are conditions precedent to the occurrence of the Effective Date:  (i) entry of the Confirmation Order by the Bankruptcy Court, which shall not have been stayed, and, if it is the subject of any appeal, reconsideration, or other review, no stay of the Confirmation Order shall be in effect; (ii) execution and delivery of the Liquidating Trust Agreement, in a form and of a substance satisfactory to the Committee, including the occurrence of all conditions precedent to the effectiveness of the Liquidating Trust Agreement; (iii) delivery or effectuation of all other documents or agreements necessary to consummate the Plan; and (iv) appointment of the Liquidating Trustee by the Debtor and the Committee after notice to the Bankruptcy Court.

Upon the satisfaction of these conditions precedent to the occurrence of the Effective Date, the Liquidating Trustee shall file with the Bankruptcy Court and serve, in accordance with the Bankruptcy Code, the Bankruptcy Rules, and this Plan, a notice of the Effective Date.

**7.8**    **Administrative Claims Bar Date.**

All Persons requesting payment of Administrative Claims, including, but not limited to, claims under §503(b)(9) of the Bankruptcy Code, shall file a proof of Claim with the Bankruptcy Court no later than the Administrative Claims Bar Date, which shall be thirty (30) days after the Confirmation Date.  The Administrative Claims Bar Date shall not apply to Professionals requesting payment of Professional Fee Claims who shall be entitled to file an application for allowance of such Claims until not later than sixty (60) days after the Effective Date.  Objections to such applications for payment (whether by Professionals requesting payment of Professional Fee Claims or Persons requesting payment of Administrative Claims), if any, must be written, filed with the Bankruptcy

16

Court, and served on the applicable parties within twenty-one (21) days after the filing of the application or Claim to which an objection is asserted.

**7.9     Governmental Claims Bar Date.**

All Persons requesting payment of Governmental Claims, including, but not limited to, Claims under §502(b)(9) of the Bankruptcy Code, shall file a proof of Claim with the Bankruptcy Court no later than the Governmental Claims Bar Date which shall be thirty (30) days after the Confirmation Date.

**7.10    Termination of the Creditors' Committee.**

The existence of the Committee shall automatically terminate, and the Committee shall automatically be dissolved, on the Effective Date.  Upon termination and dissolution, members of the Committee shall be deemed to be released from their duties and responsibilities with regard to the Case and the Plan and its implementation.  Further, on the Effective Date, the retention or employment of the Committee's counsel shall terminate except for the performance by the Committee's counsel of ministerial duties or any duties imposed by the Plan including, but not limited to, filing applications for allowance and payment of Professional Fee Claims.

**7.11    Court Approval of Certain Actions.**

Pursuant to the Liquidating Trust Agreement, the Liquidating Trustee will need approval of the Bankruptcy Court for the following actions:

(i)     the sale or liquidation of the Estate's Assets for an amount in excess of $50,000;

(ii)    the settlement of a Cause of Action for an amount greater than $50,000;

(iii)   the allowance of a Disputed Claim that was filed in an unliquidated amount or in an amount greater than $100,000;

(iv)    the estimation of a Disputed Claim for the purposes of maintaining reserves in accordance with the Plan or for other purposes; and

(v)     the granting of releases entered into on behalf of the Debtor's estate.

**7.12    Case Administration.**

Beginning on the Effective Date and continuing through the date a final decree closing the Case is entered pursuant to §350 of the Bankruptcy Code and Bankruptcy Rule 3022, the Liquidating Trustee shall possess the rights of a party in interest under §1109(b) of the Bankruptcy Code for all matters arising in, arising under, or related to the Case.

For all matters arising in, arising under, or related to the Case, the Liquidating Trustee shall:

    (i)   have the right to appear and be heard on matters brought before the Bankruptcy Court or other courts of competent jurisdiction;

    (ii)   have the right to obtain records of, or related to, the Debtor (including bank statements and cancelled checks);

    (iii)   be entitled to notice of and the opportunity to participate as a party in interest in hearings held by the Bankruptcy Court or other courts of competent jurisdiction;

    (iv)   be entitled to participate as a party in interest in any and all matters brought before the Bankruptcy Court, including adversary proceedings;

    (v)   have exclusive standing, including derivative standing, to pursue Causes of Action on behalf of the Debtor;

    (vi)   be entitled to liquidate the Liquidating Trust Assets without further Bankruptcy Court approval;

    (vii)   be entitled to request that the Bankruptcy Court to enter a final decree closing the Case; and

    (viii)   be entitled to receive notice of the filing of any and all pleadings, motions, applications, and other papers of every kind and nature whatsoever with the Bankruptcy Court in this Case and to have such pleadings, motions, applications, and papers served upon him.

**7.13    Filing Additional Documents.**

On or before the Confirmation Date of the Plan, the Debtor shall file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, including the final Liquidating Trust Agreement.

**7.14    Notices.**

Any notice required or permitted to be provided under the Plan shall be in writing and served by either: (i) certified mail, return receipt requested, postage prepaid; (ii) hand delivery; or (iii) reputable overnight delivery service, freight prepaid, addressed to the following:

    The Debtor:
    Jeffrey D. Goetz, Esq.
    BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.
    801 Grand Avenue, Suite 3700

Des Moines, IA 50309-8004
*Counsel for the Debtor*

The Committee:
Johnathan Gold, Esq.
MICHAEL BEST & FRIEDRICH, LLP
601 Pennsylvania Ave., NW Suite 700 South
Washington, D.C. 20004
*Counsel for the Committee*

**TO BE DETERMINED**
*Proposed Liquidating Trustee*

**7.15    Minimum Distributions.**

The Liquidating Trustee shall not be required to make a Distribution to a Creditor unless the amount of the Distribution is twenty-five dollars ($25.00) or greater.

**7.16    Discharge**.

Since the Plan provides for the liquidation of all or substantially all of the property of the Estate, since the Debtor will not engage in business after consummation of the Plan, and since the Debtor would otherwise be denied a discharge under Bankruptcy Code §727(a)(1) if the Case were a case under Chapter 7, the provisions of Bankruptcy Code §1141(d)(3) are applicable.

**7.17    Binding Effect**.

The provisions of the Disclosure Statement, the Plan, the Confirmation Order, and any associated findings of fact or conclusions of law shall bind the Debtor, any entity acquiring property under the Plan, and any Creditor of or Interest Holder in the Debtor, whether or not the Claim of such Creditor or Interest Holder is Impaired under the Plan and whether or not such Creditor or Interest Holder has accepted the Plan.

**7.18    Term of Bankruptcy Stays.**

All stays provided for in the Case under §§105 or 362 of the Bankruptcy Code or that are otherwise in existence on the Confirmation Date shall remain in full force and effect through the date of the termination of the Liquidating Trust.

**7.19    Exculpation and Limitation of Liability.**

Neither the Liquidating Trustee, the Debtor, nor any of their respective present and former members, officers, directors, shareholders, subsidiaries, affiliates, employees, advisors, attorneys, or agents acting in such capacity or any of their successors or assigns shall have or incur any liability to, or be subject to any right of action by, any person or entity for any act or omission in connection with, relating to, or arising out of, the Case,

19

the pursuit of confirmation of the Plan, or the Plan's implementation, except for their fraud, willful misconduct, or gross negligence, and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan.

**7.20    Semi-Annual Reports.**

The Liquidating Trustee shall periodically prepare and file with the Bankruptcy Court certain reports (each subsequently referred to as a "*Semi-Annual Report*") containing:

> (a) a description of all Distributions to Beneficiaries during the period covered by the Semi-Annual Report;
>
> (b) a summary of the Liquidating Trust deposits and disbursements during the period covered by such Semi-Annual Report; and
>
> (c) a summary of the Liquidating Trust Assets.

Following the Effective Date, the Liquidating Trustee shall file the Semi-Annual Reports with the Bankruptcy Court within thirty (30) days after June 30th and December 31st of each calendar year during the term of this Liquidating Trust Agreement. The first Semi-Annual Report shall be prepared, provided, and filed within thirty (30) days after June 30, 2020.

**7.21    Closing of the Case.**

The Case shall not be closed, or, if it is closed, shall remain subject to reopening under §350 of the Bankruptcy Code until the Liquidating Trust Assets have been fully administered.

**ARTICLE VIII**
**Modification of the Plan**

The Plan and related documents may be altered, amended, or modified by the Debtor before or after the Confirmation Date as provided in §1127 of the Bankruptcy Code and the Bankruptcy Rules.

**ARTICLE IX**
**General Provisions**

**9.1    Headings for Convenience Only.**

The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings of the sections to which they pertain.

**9.2    U.S. Trustee Fees.**

All fees required to be paid by the Debtor, the Reorganized Debtor, or the Liquidating Trust, as applicable, pursuant to 28 U.S.C. §1930(a)(6) (subsequently referred to as the

"U.S. Trustee Fees") will accrue and be timely paid until the latter of the entry of a Final Decree, the closing, dismissal or conversion of the Case to a case under another chapter of the Code, or the dissolution of the Liquidating Trust.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date. The transfer of assets from the Reorganized Debtor to the Liquidating Trust will be treated as a single disbursement for purposes of calculating the amount of U.S. Trustee Quarterly Fees due for the quarter in which such transfer is made. The Liquidating Trustee's later disbursement of the amount transferred on the Effective Date pursuant to the terms of the Plan or the Liquidating Trust Agreement will not be subject to any additional U.S. Trustee Quarterly Fee.  Only such amount disbursed by virtue of additional assets marshalled and liquidated by the Liquidating Trustee after the initial transfer of assets from the Reorganized Debtor will be treated as separate disbursements for purposes of calculation of U.S. Trustee Quarterly Fees. The Liquidating Trustee on behalf of the Liquidating Trust will continue to file Chapter 11 Post-Conformation Quarterly Reports substantially in conformity with the official UST-3 Form until the Liquidating Trust is dissolved.

**9.3**    **Objections to Claims.**

The Liquidating Trustee shall have standing to file objections to Claims, even if such Claims were scheduled by the Debtor as undisputed, liquidated, and/or noncontingent. The Liquidating Trustee shall file objections to Claims no later than one hundred eighty (180) days after the Effective Date unless that time is extended by an order of the Bankruptcy Court.  If the Liquidating Trustee has objected to a Claim, payment will be withheld only with respect to the amount actually in dispute, and such objection shall not affect payments or distributions under the Plan on the undisputed portion of the Claim. Notwithstanding the deadline to file objections to Claims provided under this Plan, the Liquidating Trustee may file objections to claims within ninety (90) days of the filing of an amended Claim.

**9.4**    **Lapsed Distributions.**

Any Distributions that have not been deposited to and cleared through the recipient's bank account or other financial institution within ninety (90) days of the date such Distribution is made will lapse.  Lapsed Distributions will revert to the Liquidating Trust and be distributed to the remaining beneficiaries of the Liquidating Trust under the terms of the Plan and the Liquidating Trust Agreement.

**9.5**    **Undeliverable and Unclaimed Distributions.**

If any Distribution is returned to the Liquidating Trustee as undeliverable without forwarding information, no further Distributions will be made on the Claim at issue unless the Liquidating Trustee is notified in writing of the appropriate address to which the Distribution should be distributed.  Upon receipt of a notice of appropriate address,

the Liquidating Trustee will remit any missed Distributions to the relevant party without interest.

Claims for undeliverable Distributions must be made within one (1) year of the Effective Date.  If a Claim is not made within that time, all unclaimed Distributions will revert to the Liquidating Trust and will be distributed Pro Rata to the remaining beneficiaries of the Liquidating Trust.

The Liquidating Trustee shall not be required to attempt to locate any Holder of an Allowed Claim.

If a Distribution on an Allowed Claim is returned to the Liquidating Trustee as undeliverable but includes specific forwarding information, the Liquidating Trustee shall attempt to make the Distribution using the forwarding information provided.

## ARTICLE X
### Retention of Jurisdiction

The Bankruptcy Court shall retain jurisdiction over the Case and over the Liquidating Trust subsequent to the Confirmation Date to the fullest extent permitted under 28 U.S.C. §1334 for all purposes including, without limitation, the following.

10.1    The determination of any request for subordination pursuant to the Plan and Bankruptcy Code §510, whether as part of an objection to Claim or otherwise;

10.2    The determination of any motion to sell any of the Debtor's property or to compel reconveyance of a lien against or interest in such property upon payment, in full, of a Claim secured under the Plan;

10.3    The determination of any and all proceedings related to the allowance of Claims, objections to the allowance of Claims, objections to the Classification of Claims, and, on motion made pursuant to Bankruptcy Rule 3008, reconsidering Claims Allowed or disallowed prior to the Confirmation Date;

10.4    The determination of any and all applications of Professional and any other fees and expenses authorized to be paid or reimbursed in accordance with the Code or the Plan;

10.5    The determination of any and all pending applications for the assumption or rejection of executory contracts or for the assumption and assignment of unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear, determine, and, if necessary, liquidate any and all Claims arising therefrom;

10.6    The hearing and determination of any and all actions initiated by the Trustee to collect, realize upon, reduce to judgment, or otherwise liquidate any Claim to the extent that such Claim was property of the Estate prior to the Effective Date;

**10.7**  The determination of any and all applications, motions, adversary proceedings, and contested or litigated matters, whether pending before the Bankruptcy Court on the Confirmation Date or filed or instituted after the Confirmation Date, including, without limitation, proceedings under the Bankruptcy Code or other applicable law seeking to avoid and recover any transfer of an interest of the Debtor in property or of obligations incurred by the Debtor, or to exercise any rights pursuant to Bankruptcy Code §§506, 544 through 551, and 553;

**10.8**  To modify the Plan or to remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court (including the Confirmation Order), the Plan, or the Disclosure Statement in such manner as may be necessary to carry out the purposes and effects of the Plan;

**10.9**  The resolution of disputes regarding title of the property of the Estate claimed to be property of the Estate or of the Debtor, but not as to title to real property acquired after the Effective Date;

**10.10**  To ensure Distributions to Holders of Claims are accomplished in accordance with the provisions of the Plan and the Liquidating Trust Agreement;

**10.11**  To liquidate or estimate any undetermined Claim or Interest;

**10.12**  To enter such orders as may be necessary to consummate and effectuate the operative provisions of the Plan, including actions to enjoin enforcement of Claims inconsistent with the terms of the Plan;

**10.13**  To hear and determine disputes concerning any event of default or alleged event of default under this Plan as well as disputes concerning remedies upon any event of default, including, but not limited to, determination of the commercial reasonableness of the disposition of any collateral that is the subject of any liens granted under this Plan;

**10.14**  To hear any other matter not inconsistent with Chapter 11 of the Bankruptcy Code;

**10.15**  To enter a final decree closing the Case;

**10.16**  To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, or vacated; and

**10.17**  To determine such other matters as may arise in connection with the Plan, the Disclosure Statement, or the Confirmation Order.

If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of the Case, this post-confirmation

jurisdiction section shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

Dated November 18, 2019.


SIVYER STEEL COMPANY

By: /s/  Robert J. Silhacek
       Its Chief Restructuring Officer

Prepared by:

Jeffrey D. Goetz, Esq. AT0002832
Vincent R. Ledlow, Esq. AT0013348
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
(515) 246-5817
(515) 246-5808 FAX
goetz.jeffrey@bradshawlaw.com
ledlow.vincent@bradshawlaw.com

*General Reorganization Counsel to the
Debtor and Debtor in Possession*