IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(DES MOINES)

| | |
|---|---|
| In re<br><br>SIVYER STEEL CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 4:18-00507-als11 |

## MOTION FOR ENTRY OF FINAL DECREE

Michael L. Newsom, Trustee ("Trustee") of the Liquidating Trust of Sivyer Steel Corporation ("Liquidating Trust"), pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure, the provisions of the Liquidating Trust Agreement, dated January 29, 2020, and the Court's December 7, 2023 Minute Order (ECF No. 453), requests the Court enter a final bankruptcy decree in this matter, subject to the provision of 11 U.S.C. Section 305(b) in order to reopen the case should additional funds become available to the Liquidating Trust.  For the present motion, the Trustee further states:

1.     On January 31, 2020, the Court confirmed the Debtor's Chapter 11 Plan of Reorganization.  ECF No. 351. As part of the consummation of the Plan, the Court authorized the establishment of the Liquidating Trust, as further set out in the Plan and the Liquidating Trust Agreement, dated January 29, 2020 ("Trust Agreement"). ECF No. 350.

2.     As reflected in the post-confirmation reports, the last being for the fourth quarter of 2023, ECF No. 454, as of the date of this Motion, the Trustee has liquidated assets, pursued causes of action, resolved claims and objections, rendered payments for expenses including payment of

the United States Trustee fees, issued distributions to creditors, and otherwise fully administered the Trust pursuant to the Liquidating Trust Agreement.

3. One open matter remains unresolved. The Trust is a lead plaintiff in a case currently pending before the United States Court of Federal Claims, *Acadiana Management Group, LLC, et. al, v. United State of America*, Case No. 19-496 ("**UST Class Action**"), for recoupment of quarterly fees collected by the United States Trustee, as in the case at bar. Participation in the case was approved by this Court by order dated October 9, 2019 (approving application to employ). ECF No. 300.

4. Once "an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Under Section 350(b), however, a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. IL 1992) (The entry of a final decree should also not be delayed if additional payments may be due to/from the Trust in the future or if there is a possibility that the court's jurisdiction may be invoked in the future.).

5. Factors in determining whether the estate has been fully administered include:

i. whether the order confirming the plan has become final,
ii. whether deposits required by the plan have been distributed,
iii. whether the property proposed by the plan to be transferred has been transferred,
iv. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan,
v. whether payments under the plan have commenced, and

    vi.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, comments; *see also* 11 U.S.C. § 1101(2).

5.    Notwithstanding the possible relief available to the Trust from the UST Class Action, the Rule 3022 factors are met here. The Plan was confirmed and is final. The deposits required by the Plan to the Trust have been made and fully distributed in accordance with the Plan and Liquating Trust governing documents. The property proposed by the Plan has been fully transferred either through the Section 363 sale to the new buyer or to the Liquidating Trust and then distributed pursuant to the Plan and Liquidating Trust governing documents. Finally, the Trustee has reconciled and paid all secured, administrative, priority claims and General Unsecured Claims as able and as required by the Plan to date.

**WHEREFORE**, The Trustee respectfully requests that the Court grant the present motion an enter a final decree closing the case that shall provide for the continued viability of the Trust, the authority of the Trustee to operate thereunder, including making additional payments as needed, and including the ability to seek to reopen the case for cause pursuant to 11 U.S.C. Section 350(b) should the Trustee need to invoke the Court's jurisdiction regarding the UST Class Action or otherwise to effectuate the Plan.

        Respectfully submitted,

        **/s/ Johannes (John) H. Moorlach**
                IA No. AT0005484

        WHITFIELD & EDDY LAW
        699 Walnut Street, Suite 2000
        Des Moines, IA 50309
        (515) 246-5501
        (515) 246-1474 fax
        Email: moorlach@whitfieldlaw.com

ATTORNEY FOR THE LIQUIDATING
TRUST OF SIVYER STEEL CORPORATION

## CERTIFICATE OF SERVICE

The foregoing instrument was served upon all parties listed herein by electronic mail as shown by the Notice of Electronic Filing through the CM/ECF system on February 1, 2024.

**/s/ Johannes H. Moorlach**